UNITED STATES of America,
Plaintiff,

v.

Royal G. BOUSCHOR, Defendant.

No. 5–61–50 Civ.

United States District Court
D. Minnesota,
Fifth Division.

Dec. 8, 1961.

Miles W. Lord, U. S. Atty., Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Joseph B. Johnson, Duluth, Minn., for defendant.

DONOVAN, District Judge.

This is a proceeding under Sections 7602, 7603, and 7604 of the Internal Revenue Code, Title 26 U.S.C., to enforce a subpoena requiring the production of certain documents for examination by the Bureau of Internal Revenue. An ex parte order was issued by this Court to enforce the subpoena and defendant filed a petition requesting an order discharging the ex parte order and quashing the subpoena.

Adam G. O'Brien, the taxpayer in question, was audited prior to the present action by agents of the Bureau of Internal Revenue relative to his federal income tax returns for the years 1953 through 1959. In the fall of 1960 the taxpayer became aware that the Bureau of Internal Revenue was making further investigation of his income taxes for these years whereupon he consulted Royal G. Bouschor, an attorney, who is the defendant in this action. As a result of this conference, the taxpayer directed his accountants, the firm of Stillman and Oase, to turn over to defendant all documents relating to his federal income taxes for the years 1953 through 1959. On December 5, 1960, the accountants, who

were in possession of the taxpayer's records for these years, delivered them to the defendant.

On June 9, 1961, defendant was served with a subpoena directing him to produce the documents, as follows:

"All workpapers, reconcilements, summaries, schedules, analyses, adjusting entries, notes, memoranda, correspondence and copies of correspondence and all other papers and documents relating to the federal income tax liability of Adam G. O'Brien, Sr., also known as A. G. O'Brien, doing business as A. G. O'Brien Plumbing and Heating Co., for the years 1954 through 1959, which you received from Mr. Oscar W. Oase and/or from Mr. N. A. Stillman, Certified Public Accountants, Duluth, Minnesota."

Upon defendant's refusal to comply with the subpoena, an ex parte order of this Court was issued on July 21, 1961, directing defendant to produce these documents. Defendant thereupon filed the petition now before the Court requesting an order discharging the ex parte order and quashing the subpoena.

This proceeding involves the question of enforcement by this Court of 26 U. S.C. § 7602.[1] It must be decided whether the enforcement of this Section violates the taxpayer's constitutional rights against unreasonable searches and seizures under the Fourth Amendment or against self-incrimination under the Fifth Amendment. Also to be determined is whether the enforcement of this Section violates any privileges the taxpayer may have with respect to confidential communications arising from the attorney-client relationship.

The documents which the Government seeks to examine in the present proceeding are the taxpayer's records relating to his income tax liability for the years in question. Records of this nature are required to be kept pursuant to 26 U.S.C. § 6001.[2] The requirements of this Section, together with the authorization given the Commissioner to examine such records under Section 7602, do not violate the taxpayer's rights under either the Fourth or the Fifth Amendments.[3] In

---

1. 26 U.S.C. § 7602. "Examination of books and witnesses.

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

"(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

"(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may

be relevant or material to such inquiry; and

"(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry. * * *."

2. 26 U.S.C. § 6001. "Notice or regulations requiring records, statements, and special returns.

"Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary or his delegate may from time to time prescribe. Whenever in the judgment of the Secretary or his delegate it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary or his delegate deems sufficient to show whether or not such person is liable for tax under this title. * * *"

3. Falsone v. United States, 5 Cir., 205 F.2d 734; Brownson v. United States, 8 Cir., 32 F.2d 844; 51 Am.Jur., Taxation, Sec. 671.

accord with well-settled principles the legislative power to levy taxes and prescribe regulations for assessment and valuation of property for tax purposes includes the power to adopt reasonable regulations designed to make all assessable property bear its proportion of the tax burden; and to that end private rights and personal interests must make reasonable concessions to public necessities.

The final question to be determined is whether the attorney-client privilege applies to the taxpayer's records which are in the possession of the defendant. It has been established, from the principles already discussed, that the taxpayer in the present case may be lawfully compelled to surrender these records for examination by the proper authorities. In the case of a taxpayer who may be lawfully compelled to surrender records for examination, the transfer of these records by the taxpayer to his attorney does not give rise to the attorney-client privilege with respect to such records.[4] This is the situation which exists in the present case and therefore the defendant, as attorney for the taxpayer, may not refuse to surrender the taxpayer's records by claiming the attorney-client privilege. If the client would be compellable to produce, either by motion or by subpoena or by bill of discovery, then the attorney is equally compellable, if the document is in his custody, to produce under the appropriate procedure.[5]

The foregoing principles are determinative of the issues in this case, and it is, therefore, unnecessary to discuss the other questions raised.[6] The enforcement of Section 7602 will not violate the taxpayer's rights under the Fourth or Fifth Amendments, nor is the attorney-client privilege applicable.

The petition is therefore denied and defendant is directed to produce the documents pursuant to the order of this Court dated July 21, 1961.

It is so ordered.

Defendant is allowed an exception.

---

4. Note 3, supra.

5. See 8 Wigmore, Evidence Sec. 2307 (McNaughton rev. 1961).

6. The Court in the case of Application of House, D.C.Cal., 144 F.Supp. 95, reached a contrary conclusion. That case, involving facts substantially identical to those in the present case, held that the attorney was entitled to invoke the Fifth Amendment on behalf of the taxpayer. The holding in that case does not represent the weight of authority on this question despite my tendency to agree with its reasoning. Falsone, supra, controls in the absence of an applicable decision by the Eighth Circuit Court of Appeals.