**James D. RUSSO, Appellant,**

v.

**The UNITED STATES of America, Appellee.**

**No. 91, Docket 24193.**

United States Court of Appeals
Second Circuit.

Argued Jan. 7, 1957.

Decided Feb. 8, 1957.

Corcoran, Kostelanetz & Gladstone, New York City (Boris Kostelanetz and Jules Ritholz, New York City, of counsel on the brief), for appellant.

Leonard P. Moore, U. S. Atty., for the Eastern Dist. of New York, Brooklyn, N. Y. (Kenneth C. Sternberg, Floral Park, N. Y., and Zachary Fromberg, Asst. U. S. Attys., Brooklyn, N. Y., of counsel on the brief), for appellee.

Before CLARK, Chief Judge, and LUMBARD, and WATERMAN, Circuit Judges.

LUMBARD, Circuit Judge.

James D. Russo appeals from the District Court's denial of two motions made before indictment: (1) under Rule 41(e), Federal Rules of Criminal Procedure, 18 U.S.C.A., to suppress evidence because it was obtained in violation of the Fourth Amendment to the Constitution and the statutes governing Treasury Department practice; and (2) to take the deposition of his former accountant, Mack, within twenty days after commencement of the action, pursuant to Rule 26(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

Before the district court decision, an indictment was filed against Russo for attempted tax evasion and for assisting in the preparation of fraudulent tax returns of others. Internal Revenue Code of 1939, §§ 145(b), 3793(b) (1), 26 U.S.C.A. §§ 145(b) 3793(b) (1). On the basis of affidavits alone, Judge Rayfiel concluded (1) that the evidence had been voluntarily and legally disclosed; (2) that since an indictment had been filed, the Rules of Criminal Procedure governed and that under Rule 15(a) of those Rules no good ground for the deposition had been shown. Upon consideration of the facts as set out herein, we affirm the results below.

Russo, in addition to his regular employment as an assistant clerk in the office of the Clerk of the County of Richmond, prepared income tax returns and conducted an insurance brokerage business. During June and July 1952, Skolnick, a Special Agent of the Internal Revenue Service[1] conferred with Russo in Staten Island and at Skolnick's office at the Intelligence Service headquarters. Although these meetings were largely in reference to the tax returns of others, apparently Russo's own returns were discussed as well.

1. The Special Agent is in charge of criminal aspects of tax investigations, Manual of Instructions for Revenue Agents, Para. 678.

In September 1952, Revenue Agent Foley[2] was assigned to examine Russo's own returns as well as those prepared by Russo for others. In early 1952, Russo retained as counsel one Frank D. Paulo from whom Foley obtained a waiver of the statute of limitations. In May 1953 Foley contacted Paulo in order to examine Russo's books; also in May, Skolnick had an interview with Russo at which Paulo was present. At this interview, Russo agreed to testify under oath and was probably told of his rights against self-incrimination, although at one time he denied this. Mack, an accountant, not authorized to practice before the Treasury Department, was retained by Russo at this time, with respect to the examination being made by Foley. A 22 page transcript of the interview was signed by Russo on July 2, 1953, which included some discussion of Russo's insurance business and Skolnick followed this up by contacting some of Russo's insurance companies in August 1953.

During this time, Foley was still trying to get Russo's records and at last on October 8, 1953 Paulo gave him permission to get Russo's records from Mack. Foley did get the records, and at Mack's request, returned them to Mack on November 23, 1953.

What happened thereafter is not clear. Paulo evidently dropped out of the case by December 1954. Mack was apparently in frequent communication with the Treasury people, and in December 1954 or the spring of 1955—the affidavits conflict here—a conference involving Skolnick, Russo and Mack was held. This time Russo refused to testify under oath but did answer questions. In February 1956 the motions herein were filed.

*The Suppression of Evidence*

Russo's first contention is that the disclosures were not voluntary because the Treasury agents deceived him into thinking their examination was not for purposes of a criminal charge, but only for a routine civil audit. This seizure by deception is alleged to be a violation of the Fourth Amendment. We think there is nothing to this contention. Not only was there no evidence of any affirmative act of deception by Skolnick or Foley, but the record shows sufficient awareness by Russo that he was himself under investigation and of course this would include the possibility of criminal sanctions.

Russo argues, however, that the evidence came into the hands of the government by virtue of Mack's improper representation of him before the Treasury as Mack was not enrolled to practice before the Treasury. It was thus allegedly obtained in violation of Treasury Regulations. See 5 U.S.C.A. § 261, 26 C.F.R. 601.4(d) (1949 ed.). This contention is equally groundless, for whether or not Mack was technically admitted to Treasury practice, he was Russo's agent and could transmit information to the government in Russo's name. Treasury I. R. Mimeo. No. 58 (Com.No. 6) (1952). There is nothing in the affidavits to indicate that he was acting without Russo's authority. Moreover, it is clear that any evidence transmitted in 1953 was with the sanction of Russo's attorney, Paulo.

Since the voluntary nature of the disclosure is so clear from those portions of the affidavits which are undisputed, the district judge quite properly declined to take any further evidence at a hearing.

*Mack's Deposition*

Although we agree with the trial judge that there was no ground for taking Mack's deposition, the evidence being so clear, we cannot affirm his theory that the Rules of Criminal Procedure governed because an indictment was filed while the motion was pending. Having been filed before indictment, this proceeding is an independent civil proceeding and not merely

---

2. A Revenue Agent is responsible for the auditing. Manual of Instructions for Revenue Agents, Para. 678.

preliminary to a criminal action. See Lapides v. United States, 2 Cir.1954, 215 F.2d 253, 254; Weldon v. United States, 9 Cir.1952, 196 F.2d 874, 875. Filing the indictment does not change the nature of the proceeding which is determined by the situation at its initiation. Cf. United States v. Poller, 2 Cir., 1930, 43 F.2d 911. Consequently Rule 26(a) of the Federal Rules of Civil Procedure is applicable, and not Rule 15(a) of the Rules of Criminal Proceddure.

■ However, depositions before the expiration of twenty days after commencement of the action under Rule 26(a) are at the discretion of the court, and since it is clear from Judge Rayfiel's opinion, that he considered the same factors as would be relevant under Rule 26(a) of the Civil Rules, see Application of Russo, D.C.E.D.N.Y.1956, 19 F.R.D. 278, 281, we see no reason to disturb his order. Moreover, as our disposition of the first motion indicates, we think the substantially undisputed facts in the affidavits are sufficient to dispose of the matter.

Order affirmed.