**A. Cheney GREENE and Evelina S. Greene, Petitioners-Appellants,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 55, Docket 27026.**

United States Court of Appeals Second Circuit.

Argued Nov. 8, 1961.

Decided Dec. 5, 1961.

Richard E. Moot, Buffalo, N. Y. (Dudley, Stowe & Sawyer, Buffalo, N. Y., on the brief), for petitioners-appellants.

C. Donald O'Connor, Asst. U. S. Atty., Western District of New York, Buffalo, N. Y. (Neil R. Farmelo, U. S. Atty., Western District of New York, Buffalo, N. Y., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, MEDINA and WATERMAN, Circuit Judges.

LUMBARD, Chief Judge.

A. Cheney Greene and his wife appeal from an order of the United States District Court for the Western District of New York which denied their application under Rule 41(e) of the Federal Rules of Criminal Procedure for the suppression as evidence in any future proceeding and return of certain records which they had turned over to a special agent of the Internal Revenue Service in Buffalo about March 1, 1960. The Greenes contended that the special agent of the Internal Revenue Service had secured the records by guile and deceit by saying that he wanted them for an "audit" of the Greenes' income tax returns for the years 1955 through 1958, concealing the fact that he was conducting a criminal investigation. This alleged deceit was said to violate the Fourth Amendment as interpreted in Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921). The Greenes also urged that their constitutional rights had been violated by failure to warn them that a criminal investigation was under way and that they had a right not to answer any questions.

■ Judge Henderson passed upon the affidavits submitted in support of the petition and the affidavit of Special Agent Vincent J. Carbone submitted in reply. Holding that the affidavits raised no substantial issue of fact which required a hearing, Judge Henderson denied the application without a hearing. He found that the government agents had practiced no deception; that they had not misled the petitioners into believing that the

investigation would be limited to civil penalties; that the records were turned over voluntarily and understandingly by the petitioners, citing Turner v. United States, 222 F.2d 926 (4 Cir.), cert. den., 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 742 (1955), and our decision in United States v. Sclafani, 265 F.2d 408 (2 Cir.), cert. den., 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed. 2d 1534 (1959). We agree that there was no issue which required a hearing and that, on the affidavits before it, the district court reached the only possible conclusion, that there had been no overreaching or invasion of petitioners' rights and that they had turned over their records freely. Accordingly, we affirm the order of the district court.

From the visit of Agents Carbone and Becker to Mr. Greene's home at Westfield, New York, on November 18, 1959, and from numerous letters which passed between the Greenes and representatives of the Internal Revenue Service, it was perfectly apparent that the agents were investigating the accuracy of the Greenes' tax returns. As we said in United States v. Sclafani, supra, at 414–415, the commencement of such an investigation, entirely routine to all appearances, carries with it a warning that if the evidence uncovered warrants it criminal proceedings may be begun. We cannot accept the appellants' attempts to distinguish among the possible motives which impel the Revenue Service to initiate investigations; in any case, the investigating agents are able to determine whether criminal prosecution is warranted only after they have ascertained the relevant facts and examined the available records. The records here in question were needed for precisely this purpose. Explicit warnings need not be given concerning possibilities that may never come to pass.

■ Here the agents involved in the investigation did nothing to obscure the implicit warning that any information or records they might obtain might be used in a criminal prosecution. Stating that they were conducting an "audit" surely did not exclude the possibility that they might find discrepancies to be willful so

as to require consideration of criminal proceedings. Nor should the agents be criticized for requesting records rather than using the cumbersome statutory summons procedure under § 7602 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7602, as suggested by the petitioners. The Greenes did not claim that their action in sending the records to the Revenue Service's Buffalo office was in any way involuntary. Since at the time that they took this voluntary action they were charged with knowledge of the possible criminal consequences, they will not now be heard to complain that it should be undone because they were not sufficiently advised of the possible consequences. See Grant v. United States, 291 F.2d 227 (2 Cir., 1961). There was no error in denying the Greenes a hearing on their motion, since they had no ground for complaint even if all the facts alleged in their affidavits were true.

Certain other arguments are made by appellants concerning matters that we do not consider relevant to the motion to suppress and the alleged unreasonable search and seizure. We think it improper to consider these matters at this time; they may be litigated prior to or at the trial of any charges which may be brought.

We think the staying of criminal proceedings pending this appeal, without any time limitation on such stay, raises a serious question regarding the proper administration of criminal justice. The district court in its show cause order of November 23, 1960, stayed all criminal proceedings by the government pending the determination of the motion to suppress and the service of notice of entry of an order thereon. The record also discloses a new stay issued on July 17, 1961, pending the final determination of the appeal, which provided that the stay

would not prevent the United States Attorney from filing a complaint "if necessary, in the month of March, 1962, in order to toll the Statute of Limitations." At any rate the result was that by the time this appeal was heard the government had already been stayed almost one year.

If any stay was appropriate, and we do not say that it was not, then it was incumbent on the court to see that the entire matter, including the prosecution of the appeal, was disposed of without undue delay. Although the government's answering affidavit was filed December 13, 1960, it was not until March 30, 1961 that the district court's order, as amended, was entered. Thereafter the Greenes filed their notice of appeal, and the record in the case was not filed in this court until June 16, 1961. While these actions of appellants were not untimely under the applicable rules,[1] the district judge, in his discretion, might well have conditioned his stay upon condition that the appeal be prosecuted speedily. Instead, in granting the further stay on July 17, he did no more than to provide that the government's right to bring an indictment before the running of the statute of limitations in March 1962 should not be prejudiced. The command and spirit of Rule 50 of the Federal Rules of Criminal Procedure, which gives precedence to criminal proceedings as far as is practicable, surely require a consideration of the delays involved when the district court is asked to stay the government from proceeding.

If an expedited appeal had been requested in this court, it would in all probability have been granted. We have frequently given special treatment to cases having to do with criminal proceedings, see, e. g., Pugach v. Dollinger, 277 F.2d 739 (2 Cir., 1960), aff'd 365 U.S.

---

1. Presumably procedings under Rule 41(e) are governed by the Federal Rules of Civil Procedure when, as here, no prosecution has yet been begun. See Russo v. United States, 241 F.2d 285 (2 Cir.), cert. denied, 355 U.S. 816, 78 S.Ct. 18, 2 L.Ed.2d 33 (1957). Since the government is a party to the action, appellants had 60 days to file their appeal under Civil Rule 73(a), 28 U.S.C.A.; the record on appeal was required to be filed in this court within an additional 40 days under Rule 73(g).

458, 81 S.Ct. 650, 5 L.Ed.2d 678 (1961), and we are always ready to do so upon application. Moreover for good cause we have convened panels of the court during the summer, see United States v. National Marine Engineers' Beneficial Ass'n, 294 F.2d 385 (2 Cir., 1961) (argued August 17, 1961; decided August 22, 1961); Taylor v. Board of Education, 294 F.2d 36 (2 Cir., 1961) (argued July 18, 1961; decided August 2, 1961). Here the appeal has taken its course as if it were a civil dispute between private parties. We take this occasion to remind the bar and the district courts that every effort should be made to speed the dispensation of criminal justice. Cf. Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940).

The order of the district court is affirmed; the stay is forthwith vacated; the mandate will issue immediately.