## DiBELLA *v.* UNITED STATES.

No. 21.   Argued January 16–17, 1962.—Decided March 19, 1962.*

*Jerome Lewis* argued the cause and filed briefs for petitioner in No. 21.

*Bruce J. Terris* argued the causes for the United States. With him on the briefs were *Solicitor General Cox, Assistant Attorney General Miller, Acting Assistant Attorney General Foley, Beatrice Rosenberg, Jerome M. Feit* and *Marshall Tamor Golding.*

*Joseph P. Manners* argued the cause and filed briefs for respondent in No. 93.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

These two cases present variants of the same problem: the appealability of an order granting or denying a pretrial motion to suppress the evidentiary use in a federal criminal trial of material allegedly procured through

---

*Together with No. 93, *United States* v. *Koenig,* certiorari to the United States Court of Appeals for the Fifth Circuit, argued January 17, 1962.

an unreasonable search and seizure.[1]  A brief recital of the procedural history of each will place our problem in context.

On October 15, 1958, a warrant was issued by a United States Commissioner in the Eastern District of New York for the arrest of Mario DiBella upon a complaint charging unlawful sales of narcotics.  The warrant was executed on March 9, 1959, in DiBella's apartment, and was followed by seizure of the drugs, equipment, and cash now in question.  DiBella was arraigned and released under bail the next day.  On June 17, 1959, a motion to suppress was filed on his behalf with the District Court for the Eastern District of New York, and hearing was scheduled for July 6.  Several continuances followed, and before the hearing was held, on August 25, an indictment against DiBella was returned in the same district.  The motion was ultimately denied, without prejudice to renewal at trial.  178 F. Supp. 5.  The Court of Appeals

---

[1] Rule 41 (e) of the Federal Rules of Criminal Procedure provides:

"A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed.  The judge shall receive evidence on any issue of fact necessary to the decision of the motion.  If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial.  The motion to suppress evidence may also be made in the district where the trial is to be had.  The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

for the Second Circuit held the order appealable, in accordance with its prior decisions, because the motion was filed before return of the indictment. 284 F. 2d 897.

The motion in the companion case, on behalf of Daniel Koenig, was likewise filed before indictment, and this time in a district other than that of trial. Koenig had been arrested on September 22, 1959, in the Southern District of Florida on the basis of a complaint charging robbery of a federally insured bank in the Southern District of Ohio. His motion to suppress and for return of property seized during that arrest was filed in the Florida federal court on October 12, three days after the local United States Commissioner had held a final hearing on the Ohio complaint and two days before he recommended a warrant of removal. On October 16, an indictment against Koenig was returned in the Southern District of Ohio. After three hearings on the motion, the Florida District Court entered its order on December 18, granting suppression but denying return without prejudice to renewal of the motion in the trial court. The Government's appeal to the Court of Appeals for the Fifth Circuit was dismissed for lack of jurisdiction on the ground that, following recent decisions of that court, the order was interlocutory in a criminal case. 290 F. 2d 166. We granted certiorari in the two cases, 365 U. S. 809 and 368 U. S. 812, respectively, to resolve a conflict among the circuits.

The settled view of the Second Circuit, that a ruling on a pre-indictment motion invariably lays the basis for immediate appellate review, in that it constitutes a "final decision" under 28 U. S. C. § 1291, even though an indictment intervenes, has not been squarely passed upon by this Court. We have denied appealability from orders on post-indictment motions to both the Government, *Carroll* v. *United States,* 354 U. S. 394, and the defend-

ant, *Cogen* v. *United States*, 278 U. S. 221. The Court has, however, in fact allowed appeals from orders granting and denying pre-indictment motions,[2] and these dispositions have given rise to explanatory dicta that lend support to the rule developed in the Second Circuit.[3] Not only disagreement among the circuits but dubieties within them demand an adjudication based upon searching consideration of such conflicting and confused views regarding a problem of considerable importance in the proper administration of criminal justice.

The general principle of federal appellate jurisdiction, derived from the common law and enacted by the First Congress, requires that review of *nisi prius* proceedings await their termination by final judgment. First Judiciary Act, §§ 21, 22, 25, 1 Stat. 73, 83, 84, 85 (1789); see *McLish* v. *Roff*, 141 U. S. 661. This insistence on finality and prohibition of piecemeal review discourage undue litigiousness and leaden-footed administration of justice, particularly damaging to the conduct of criminal cases. See *Cobbledick* v. *United States*, 309 U. S. 323, 324–326.

Since the procedural aspects of law deal with the practical affairs of men and do not constitute an abstract system of doctrinaire notions, Congress has recognized the need of exceptions for interlocutory orders in certain types of proceedings where the damage of error unreviewed before the judgment is definitive and complete, see *Collins* v. *Miller*, 252 U. S. 364, 370, has been deemed greater than the disruption caused by intermediate appeal.

---

[2] *Perlman* v. *United States*, 247 U. S. 7; *Burdeau* v. *McDowell*, 256 U. S. 465. See also *Go-Bart Co.* v. *United States*, 282 U. S. 344, 356.

[3] See *Cogen* v. *United States*, 278 U. S. 221, 225; *Cobbledick* v. *United States*, 309 U. S. 323, 328–329 and n. 6; *Carroll* v. *United States*, 354 U. S. 394, 403.

See 30 Stat. 544, 553 (1898), as amended, 11 U. S. C. § 47 (bankruptcy proceedings); 28 U. S. C. § 1252 (orders invalidating federal statutes); 28 U. S. C. § 1253 (injunctions issued or refused by statutory three-judge courts); 28 U. S. C. § 1292 (a)(1)–(4) (injunctions, receivership, admiralty, patent infringement). Most recently, in the Interlocutory Appeals Act of 1958, 72 Stat. 1770, 28 U. S. C. § 1292 (b), Congress expanded the latitude for intermediate appeals in civil actions through the device of discretionary certification of controlling questions of law. See Note, 75 Harv. L. Rev. 351, 378–379.[4]

Moreover, the concept of finality as a condition of review has encountered situations which make clear that it need not invite self-defeating judicial construction. Thus, acceptance of appeal from orders definitively directing an immediate transfer of property, although an accounting remains, *Forgay* v. *Conrad,* 6 How. 201, has been justified as "review of the adjudication which is concluded because it is independent of, and unaffected by, another litigation with which it happens to be entangled." *Radio Station WOW* v. *Johnson,* 326 U. S. 120, 126.[5] Similarly, so as not to frustrate the right

---

[4] In addition to careful specification of these particular orders, Congress has since 1789 declared the existence of authority in the federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," 28 U. S. C. § 1651, derived from First Judiciary Act, §§ 13, 14, 1 Stat. 73, 80, 81; but the authority has been most sparingly exercised, when no other remedy will suffice, "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche* v. *Evaporated Milk Assn.,* 319 U. S. 21, 26.

[5] In eminent-domain proceedings, however, where the issue of reasonable compensation cannot be thus separated from the lawfulness of the taking, the Court has denied independent review to transfer orders. *Catlin* v. *United States,* 324 U. S. 229; cf. *Republic Natural Gas Co.* v. *Oklahoma,* 334 U. S. 62, 71–72.

of appellate review, immediate appeal has been allowed from an order recognized as collateral to the principal litigation because touching matters that will not "affect, or . . . be affected by, decision of the merits of [the] . . . case," *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541, 546, when the practical effect of the order will be irreparable by any subsequent appeal. *E. g., Stack* v. *Boyle*, 342 U. S. 1; *Swift & Co.* v. *Compania Caribe*, 339 U. S. 684, 688–689. To like effect is Rule 54 (b) of the Federal Rules of Civil Procedure which, as amended in 1961, 368 U. S., at 1015, allows appeals in multiple litigation from an express entry of "final judgment as to one or more but fewer than all of the claims or parties," but only when the trial judge certifies that "there is no just reason for delay."

Despite these statutory exceptions to, and judicial construction of, the requirement of finality, "the final judgment rule is the dominant rule in federal appellate practice." 6 Moore, Federal Practice (2d ed. 1953), 113. Particularly is this true of criminal prosecutions. See, *e. g., Parr* v. *United States*, 351 U. S. 513, 518–521. Every statutory exception is addressed either in terms or by necessary operation solely to civil actions. Moreover, the delays and disruptions attendant upon intermediate appeal are especially inimical to the effective and fair administration of the criminal law. The Sixth Amendment guarantees a speedy trial. Rule 2 of the Federal Rules of Criminal Procedure counsels construction of the Rules "to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay"; Rules 39 (d) and 50 assign preference to criminal cases on both trial and appellate dockets.

Again, the decisions according finality to civil orders in advance of an ultimately concluding judgment have rested on finding a particular claim to be independent, because

"fairly severable from the context of a larger litigious process." *Swift & Co.* v. *Compania Caribe, supra,* 339 U. S., at 689. No such severability inheres in a motion seeking the suppression of evidence at a forthcoming trial; its disposition, as the Court recognized in *Cogen* v. *United States, supra,* 278 U. S., at 223, "will necessarily determine the conduct of the trial and may vitally affect the result." No less when it precedes indictment, the motion presents an issue that is involved in and will be part of a criminal prosecution in process at the time the order is issued.

The precise question before us has been much canvassed in the lower courts. It has not only produced a conflict among the circuits, but has provoked practical difficulties in the administration of criminal justice and caused expressions of dissatisfaction even in courts that have sustained an appeal. Although only the Fourth and Fifth Circuits have clearly departed from the Second Circuit's view,[6] the consensus in the others is far from unwavering.[7]

---

[6] Fourth Circuit: *United States* v. *Williams,* 227 F. 2d 149 (1955).

Fifth Circuit: *Zacarias* v. *United States,* 261 F. 2d 416 (1958); *Saba* v. *United States,* 282 F. 2d 255 (1960).

In the District of Columbia Circuit, the decisions appear to have inverted the Second Circuit rule: pre-indictment motions have been held interlocutory, *Nelson* v. *United States,* 93 U. S. App. D. C. 14, 24–26, 208 F. 2d 505, 515–517 (1953), while post-indictment motions have been treated as independent, *United States* v. *Cefaratti,* 91 U. S. App. D. C. 297, 202 F. 2d 13 (1952). But see *United States* v. *Stephenson,* 96 U. S. App. D. C. 44, 223 F. 2d 336 (1955).

[7] First Circuit: *Centracchio* v. *Garrity,* 198 F. 2d 382, 385 (1952); *Chieftain Pontiac Corp.* v. *Julian,* 209 F. 2d 657, 659 (1954) (by implication).

Second Circuit: *United States* v. *Poller,* 43 F. 2d 911 (1930); *In re Milburne,* 77 F. 2d 310 (1935); *United States* v. *Edelson,* 83 F. 2d 404 (1936); *Cheng Wai* v. *United States,* 125 F. 2d 915 (1942); *Lagow* v. *United States,* 159 F. 2d 245 (1946); *In re Fried,* 161 F. 2d 453 (1947); *Lapides* v. *United States,* 215 F. 2d 253 (1954);

The First Circuit, for example, has declined to permit pretrial entertainment of any suppression motions other than those explicitly authorized by the language of Rule 41 (e). *Centracchio* v. *Garrity,* 198 F. 2d 382, 386–389 (1952); accord, *e. g., Benes* v. *Canary,* 224 F. 2d 470, 472 (C. A. 6th Cir. 1955). And see *In re Fried,* 161 F. 2d 453, 465–466 (C. A. 2d Cir. 1947) (opinions of L. Hand and A. Hand, JJ.). These opinions manifest a disinclination to treat as separate and final rulings on the admissibility of evidence which depend on factual contentions that may be more appropriately resolved at a plenary trial. Similarly, a California District Court has recently dismissed for want of equity a pre-indictment bill to suppress, on the ground that, at the time relief would issue, there was an adequate remedy at law by motion in the criminal trial; and the Ninth Circuit refused an application for prerogative writs. *Rodgers* v. *United States,* 158 F. Supp. 670 (1958); *id.,* at 684 note. See also *Eastus* v. *Bradshaw,* 94 F. 2d 788 (C. A. 5th Cir. 1938). In the Third Circuit, which up to now has agreed with the Second, the latest opinion on the subject expresses doubts as to the validity

---

*Russo* v. *United States,* 241 F. 2d 285 (1957); *Carlo* v. *United States,* 286 F. 2d 841 (1961); *Grant* v. *United States,* 291 F. 2d 227 (1961); *Greene* v. *United States,* 296 F. 2d 841 (1961).

Third Circuit: *In re Sana Laboratories,* 115 F. 2d 717 (1940); *United States* v. *Bianco,* 189 F. 2d 716, 717 n. 2 (1951); *United States* v. *Sineiro,* 190 F. 2d 397 (1951); *United States* v. *Murphy,* 290 F. 2d 573 (1961).

Sixth Circuit: *Benes* v. *Canary,* 224 F. 2d 470 (1955).

Seventh Circuit: *Socony Mobil Oil Co.* v. *United States,* 275 F. 2d 227 (1960) (by implication) (semble).

Eighth Circuit: *Goodman* v. *Lane,* 48 F. 2d 32 (1931).

Ninth Circuit: *Freeman* v. *United States,* 160 F. 2d 69 (1946); *Weldon* v. *United States,* 196 F. 2d 874, 875 (1952); *Hoffritz* v. *United States,* 240 F. 2d 109 (1956). But see *Rodgers* v. *United States,* 158 F. Supp. 670 (D. C. S. D. Cal.), mandamus and prohibition denied in *id.,* at 684 note (C. A. 9th Cir. 1958).

of its precedents. *United States* v. *Murphy*, 290 F. 2d 573, 575 n. 2 (1961).

We should decide the question here—we are free to do so—with due regard to historic principle and to the practicalities in the administration of criminal justice. An order granting or denying a pre-indictment motion to suppress does not fall within any class of independent proceedings otherwise recognized by this Court, and there is every practical reason for denying it such recognition. To regard such a disjointed ruling on the admissibility of a potential item of evidence in a forthcoming trial as the termination of an independent proceeding, with full panoply of appeal and attendant stay, entails serious disruption to the conduct of a criminal trial.[8]   The fortuity of a pre-indictment motion may make of appeal an instrument of harassment, jeopardizing by delay the availability of other essential evidence. See *Rodgers* v. *United States, supra,* 158 F. Supp., at 673 n. 1. Furthermore, as cases in the Second Circuit make clear, appellate intervention makes for truncated presentation of the issue of admissibility, because the legality of the search too often cannot truly be determined until the evidence at the trial has brought all circumstances to light. See *In re Milburne,* 77 F. 2d 310, 311 (1935); *Grant* v. *United States,* 291 F. 2d 227, 229 (1961).[9]

---

[8] It is evident, for example, that the form of independence has been availed of on occasion to seek advantages conferred by the rules governing civil procedure, to the prejudice of proper administration of criminal proceedings. *E. g., Greene* v. *United States,* 296 F. 2d 841, 843–844 (C. A. 2d Cir. 1961) (extended time for appeal); *Russo* v. *United States,* 241 F. 2d 285, 287–288 (C. A. 2d Cir. 1957) (expanded discovery).

[9] Although Rule 41 (e), *supra,* note 1, codifies prior practice in preferring that the motion be raised before trial, and provides for the taking of evidence on disputed factual issues, the usual procedure followed at this early stage is to decide the question on affidavits

Nor are the considerations against appealability made less compelling as to orders granting motions to suppress, by the fact that the Government has no later right to appeal when and if the loss of evidence forces dismissal of its case. *United States* v. *Pack,* 247 F. 2d 168 (C. A. 3d Cir. 1957); *Umbriaco* v. *United States,* 258 F. 2d 625, 626 (C. A. 9th Cir. 1958). As the Ninth Circuit said of this circumstance, the Government is no more disadvantaged than in the case of an adverse ruling on the evidence during trial. *United States* v. *Rosenwasser,* 145 F. 2d 1015, 1018 (1944). What disadvantage there be springs from the historic policy, over and above the constitutional protection against double jeopardy, that denies the Government the right of appeal in criminal cases save as expressly authorized by statute. *United States* v. *Sanges,* 144 U. S. 310; *United States* v. *Dickinson,* 213 U. S. 92, 102–103; *Carroll* v. *United States,* 354 U. S. 394, 400–403 and n. 9–12. No such expression appears in 28 U. S. C. § 1291, and the Government's only right of appeal, given by the Criminal Appeals Act of 1907, 34 Stat. 1246, now 18 U. S. C. § 3731, is confined to narrowly defined situations not relevant to our problem. Allowance of any further right must be sought from Congress and not this Court. *Carroll* v. *United States, supra,* 354 U. S., at 407–408.

In the Narcotic Control Act of 1956, § 201, 70 Stat. 567, 573, 18 U. S. C. § 1404, Congress did grant the Government the right to appeal from orders granting pretrial motions to suppress the use of seized narcotics as

---

alone; in addition, it has long been accepted that the point can, and on occasion must, be renewed at the trial to preserve it for ultimate appeal. *Gouled* v. *United States,* 255 U. S. 298, 312–313; *Lawn* v. *United States,* 355 U. S. 339, 353–354. We do no more than recognize that ordinarily the District Courts will wish to reserve final ruling until the criminal trial.

evidence; but, though invited to do so,[10] it declined to extend this right to all suppression orders. Since then, each Congress has had before it bills to accomplish that extension,[11] at least one of which has been reported favorably.[12] As yet, however, none has been adopted.

We hold, accordingly, that the mere circumstance of a pre-indictment motion does not transmute the ensuing evidentiary ruling into an independent proceeding begetting finality even for purposes of appealability. Presentations before a United States Commissioner, *Go-Bart Co.* v. *United States*, 282 U. S. 344, 352–354, as well as before a grand jury, *Cobbledick* v. *United States*, 309 U. S. 323, 327, are parts of the federal prosecutorial system leading to a criminal trial. Orders granting or denying suppression in the wake of such proceedings are truly interlocutory, for the criminal trial is then fairly in train. When at the time of ruling there is outstanding a complaint, or a detention or release on bail following arrest, or an arraignment, information, or indictment—in each such case the order on a suppression motion must be treated as "but a step in the criminal case preliminary to the trial thereof." *Cogen* v. *United States*, 278 U. S. 221, 227. Only if the motion is solely for return of prop-

---

[10] *Illicit Narcotics Traffic*—Hearings before the Subcommittee on Improvements in the Federal Criminal Code of the Senate Committee on the Judiciary, 84th Cong., 1st Sess. 725–726 (1955); *Narcotic Control Act of 1956—id.*, 2d Sess. 9 (1956).

[11] H. R. 9364 and S. 3423, 84th Cong., 2d Sess. (1956); H. R. 263 and H. R. 4753, 85th Cong., 1st Sess. (1957); S. 1721, 86th Cong., 1st Sess. (1959); see 105 Cong. Rec. 6190 (remarks of Senator Keating).

[12] S. Rep. No. 1478, 85th Cong., 2d Sess. 14–17 (1958). As in 18 U. S. C. §§ 1404 and 3731, the Subcommittee's proposed bill would have provided safeguards against the taking of harassing or frivolous appeals and would have ensured expeditious review.

erty and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent. *Ibid.;* see *Carroll* v. *United States,* 354 U. S. 394, 404 n. 17; *In re Brenner,* 6 F. 2d 425 (C. A. 2d Cir. 1925).

An alternative ground for appealability in the *Koenig* case, likewise culled from dicta in some of our decisions, would assign independence to the suppression order because rendered in a different district from that of trial. *Dier* v. *Banton,* 262 U. S. 147, the only holding pointed to, is clearly inapposite; it allowed an appeal from an order by a federal bankruptcy court permitting delivery of a bankrupt's papers to state prosecuting officials. Cf. *Rea* v. *United States,* 350 U. S. 214; *Wilson* v. *Schnettler,* 365 U. S. 381. There is a decision in the Second Circuit, *United States* v. *Klapholz,* 230 F. 2d 494 (1956), allowing the Government an appeal from an order granting a post-indictment motion to suppress, apparently for the single reason that the motion was filed in the district of seizure rather than of trial; but the case was soon thereafter taken by a District Court to have counseled declining jurisdiction of such motions for reasons persuasive against allowing the appeal: "This course will avoid a needless duplication of effort by two courts and provide a more expeditious resolution of the controversy besides avoiding the risk of determining prematurely and inadequately the admissibility of evidence at the trial. . . . A piecemeal adjudication such as that which would necessarily follow from a disposition of the motion here might conceivably result in prejudice either to the Government or the defendants, or both." *United States* v. *Lester,* 21 F. R. D. 30, 31 (D. C. S. D. N. Y. 1957). Rule 41 (e), of course, specifically provides for making of the motion in the district of seizure. On a summary hearing, however, the ruling there is likely always to be tentative.

We think it accords most satisfactorily with sound administration of the Rules to treat such rulings as interlocutory.

The judgment of the Court of Appeals in No. 21 is vacated and the cause is remanded with instructions to dismiss the appeal. In No. 93, the judgment is affirmed.

*It is so ordered.*

The Chief Justice, Mr. Justice Black and Mr. Justice Stewart concur in the result.

Mr. Justice Whittaker took no part in the disposition of these cases.