**John P. PARRISH**
and
**Frances S. Parrish, Plaintiffs,**

v.

**UNITED STATES of America, James P. Boyle, Benjamin I. Sondac, A. Jackson Barden, Jr., and Kenneth E. McElroy, Defendants.**

**Civ. A. No. 4741.**

United States District Court
E. D. Virginia,
Richmond Division.

July 22, 1966.

---

1. 62 Stat. 933, 982, as amended 28 U.S.C. §§ 1346(b), 2671 et seq.

2. 24 Stat. 505, as amended, 28 U.S.C. §§ 1346(a) (2) and 1491.

Frank W. Hardy, Richmond, Va., for plaintiffs.

C. Vernon Spratley, Jr., U. S. Atty., Richmond, Va., George Lynch, Atty. Gen., Litigation Section, Tax Division, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OF THE COURT

BUTZNER, District Judge.

John P. Parrish and Frances S. Parrish, taxpayers, invoking the equity powers of this court and Fed. R. Crim. P. 41(e), seek a pre-indictment injunction against officials of the Internal Revenue Service and suppression and destruction of evidence. The plaintiffs charge deprivation of rights secured by the Fourth, Fifth and Sixth Amendments to the Constitution.

The defendants, claiming sovereign immunity, moved to dismiss for lack of jurisdiction and because the plaintiffs have an adequate remedy at law and the bill lacks equity.

The gravamen of the plaintiffs' complaint, supported by affidavits, is that they consented to an examination of their books and records by revenue agents, who appeared in the guise of persons conducting a civil audit while in reality they were laying the groundwork for a criminal proceeding. The plaintiffs do not contend that the agents ever stated that the examination was for civil purposes only or that the agents ever expressly represented that no criminal proceedings were contemplated.

The plaintiffs also allege that the agents microfilmed their records and records of Mr. Parrish's clients. Mr. Parrish is an attorney. Mr. Parrish does not flatly deny that he gave the agents permission to copy the records and files. In his affidavit he says:

"If I gave such permission, I never intended to do so * * * "

The defendants are not withholding from the plaintiffs any of their books or records. All of this material was returned to the plaintiffs after the defendants finished with it.

The plaintiffs' civil liability to the government has not yet been settled. They represent that the amount is small and that it is barred by the statute of limitations unless fraud can be proved. During the audit they took the position that the statute of limitations should not be extended because no part of the deficiency was in dispute.

The prayer of the plaintiffs' bill is:

"1. The Court enjoin defendants from presenting the evidence or any

part thereof which it has obtained to a Grand Jury.

"2. The Court enjoin defendants from presenting the evidence to a Commissioner for the purpose of having a criminal information issued.

"3. The Court suppress all of the evidence obtained by defendants whether it be documentary or in the form of oral admissions and statements made by Plaintiffs.

"4. The Court enjoined defendants from using any of the evidence obtained in any way.

"5. The Court order all copies of Plaintiffs' books and records and summaries and compilations thereof, be destroyed."

The defendants' motion to dismiss for lack of jurisdiction is denied. In this circuit the jurisdiction of a district court to entertain an application for pre-indictment relief is expressly authorized. Austin v. United States, 297 F.2d 356 (4th Cir. 1961) reversed a district court which denied a hearing on a petition for pre-indictment relief. The mandate was recalled because the Supreme Court in DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), ruled the Circuit Court lacked jurisdiction to review the district court's order. In recalling the mandate the Court said:

"This order is not intended to indicate that the District Court may not, in its discretion, hear the application for injunction prior to indictment * * *"

Austin v. United States, 353 F.2d 512 (4th Cir. 1962). See also Smith v. Katzenbach, 351 F.2d 810 (D.C.Cir. 1965).

DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962) holds that a district court's order granting or denying a pre-indictment motion to suppress evidence is not appealable. Consequently, the court did not rule upon the propriety of orders denying in one instance and granting in another the suppression of evidence. Dictum in footnote 9, 369 U.S. 129, 82 S.Ct. 659, states:

"Although Rule 41(e), supra, note 1, codifies prior practice in preferring that the motion be raised before trial, and provides for the taking of evidence on disputed factual issues, the usual procedure followed at this early stage is to decide the question on affidavits alone; in addition, it has long been accepted that the point can, and on occasion must, be renewed at the trial to preserve it for alternate appeal. Gouled v. United States, 255 U.S. 298, 312–313, 41 S.Ct. 261, 65 L.Ed. 647; Lawn v. United States, 355 U.S. 339, 353–354, 78 S.Ct. 31, 2 L.Ed.2d 321. We do no more than recognize that ordinarily the District Courts will wish to reserve final ruling until the criminal trial."

In this case a number of reasons exist for following the Supreme Court's suggestion.

First, the plaintiffs have an adequate remedy at law. There is no need for the plaintiffs to seek return of any property under Rule 41(e). The plaintiffs have their records from which they can prepare their defense to any civil or criminal proceedings that the government may institute against them in the future. There is no present need to suppress evidence. This can be urged by appropriate motions and objections if and when the plaintiffs are brought to trial. Rule 41(e) provides a fair and orderly procedure for the vindication of constitutional rights after the issues are narrowed and defined by an indictment.

Second, the plaintiffs' civil liability for taxes has not yet been established. The plaintiffs admit that they voluntarily furnished information in connection with an audit concerning civil liability. Nevertheless, the relief they now seek is so sweeping that it would deny the government the opportunity to use this information in attempting to collect the tax it claims is due.

Third, the plaintiffs have not alleged, or tendered in their affidavits, facts showing a clear deprivation of their constitutional rights. This is a factor which the court must take into consider-

ation in determining whether equitable relief should be granted. In doing this, the court is not deciding the application upon its merits, and its observations are without prejudice to the plaintiffs if they should seek relief after the return of an indictment.

The facts, as presently stated, do not materially differ from those found in Turner v. United States, 222 F.2d 926, 931 (4th Cir. 1955), cert. den. 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 742 (1955). There the court found no reason to suppress evidence obtained by agents of the Internal Revenue Service. In summarizing the facts and the law, Judge Soper said:

"At no time did the agents bring pressure to bear upon the defendants or conceal their identity or practice any deceit. The evidence is silent as to whether Agent Forbes began the investigation as a routine examination to ascertain the civil liability of the defendants or intended from the beginning to search for evidence of crime. But even if the latter assumption be made, there was no violation of the taxpayer's constitutional rights. The relevant inquiry is always whether the taxpayer freely gives his consent, and as to that there is no dispute in this instance."

Fourth, the plaintiffs' bill lacks equity. The plaintiffs seek to suppress the evidence so that an indictment cannot be returned against them. This does not justify relief in equity or under Rule 41(e). United States v. Blue, 384 U.S. 251, 84 S.Ct. 1416, 16 L.Ed.2d 510 (1966) provides a helpful analogy. Blue filed a pre-trial motion seeking dismissal of an indictment charging tax evasion. He alleged that he had been compelled to incriminate himself in violation of the Fifth Amendment. The district court granted the motion to dismiss. The Supreme Court reversed, stating that even if it be assumed that the government acquired evidence in violation of the Fifth Amendment, Blue would at most be entitled to suppress the evidence if the government sought to use it against him at trial. Mr. Justice Harlan said (384 U.S. 255–256, 86 S.Ct. 1419):

"Our numerous precedents ordering the exclusion of such illegally obtained evidence assume implicitly that the remedy does not extend to barring the prosecution altogether. So drastic a step might advance marginally some of the ends served by exclusionary rules, but it would also increase to an intolerable degree interference with the public interest in having the guilty brought to book.

We remand this case to the District Court to proceed on the merits, leaving Blue free to pursue his Fifth Amendment claim through motions to suppress and objections to evidence."

The plaintiffs' application for relief will be denied without prejudice to their right to renew it if they or either of them are indicted. Their action will be dismissed.