**UNITED STATES of America et al., Plaintiffs,**

v.

**KEY OIL COMPANY, INC., et al., Defendants.**

Civ. A. No. 77–2120.

United States District Court, D. New Jersey.

Sept. 14, 1978.

Herbert L. Zuckerman, Zuckerman & Aronson, Newark, N. J., for defendants.

Robert L. Del Tufo, U. S. Atty., Newark, N. J., for the Government.

AMENDED MEMORANDUM

CLARKSON S. FISHER, District Judge.

Defendants have moved for a stay pending appeal of an order directing compliance with Internal Revenue Service Summonses. A stay pending appeal will be granted where the moving party can show:

(1) A likelihood that the petitioner will prevail on the merits of the appeal;

(2) Irreparable injury to the petitioner unless the stay is granted;

(3) No substantial harm to other interested persons; and

(4) No harm to the public interest.

*Pitcher v. Laird*, 415 F.2d 743, 744–45 (5th Cir. 1969).

The government contends, in light of the Supreme Court's recent decision in *United States et al. v. La Salle National Bank et al.*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), that defendants have little chance of prevailing on the merits of the appeal. The government asserts, with re-

spect to the injury to be sustained by defendants if the stay is denied, that defendants can move to suppress evidence obtained through the summonses if they prevail on appeal. The government also notes that Congress and the judiciary have recognized that the interests of the Internal Revenue Service and the public favor expeditious resolution of questions concerning the validity of IRS summonses. *See* Section 7609(h)(2) of the Internal Revenue Code of 1954, as amended by the Tax Reform Act of 1976, 26 U.S.C. § 7609(h)(2); *United States v. Davey*, 426 F.2d 842, 845 (2d Cir. 1970). The delay in enforcement caused by a stay would adversely affect these interests, especially since statutes of limitation for potential civil and criminal liability might expire.

In response, defendants note that another provision of the Tax Reform Act of 1976 tolls the statutes of limitation for criminal and civil penalties during the pendency of enforcement proceedings. Section 7609(b)(2) of the Internal Revenue Code of 1954, as amended by the Tax Reform Act of 1976, 26 U.S.C. § 7609(b)(2). Defendants assert that they should not be subjected to the burden of complying with the summonses and exposed to other proceedings until the merits of the appeal are resolved. Defendants also point to this Court's opinion in ordering enforcement of the summonses as evidence that their appeal is not frivolous and has a possibility of success on the merits.

■ The Court acknowledges the countervailing interests of the government in prompt enforcement and of defendants in avoiding the burden and risks of compliance prior to appellate review of their challenge to enforcement. However, the Court holds that defendants' request for a stay pending appeal must be denied because defendants have failed to demonstrate a substantial possibility of success on the merits of the appeal. *Greene v. United States*, 296 F.2d 841 (2d Cir.), *vacated and remanded* with instructions to dismiss appeal, 369 U.S. 403, 82 S.Ct. 852, 7 L.Ed.2d 841 (1962).

■ An Internal Revenue summons will be enforced if issued in good faith and prior to a recommendation for criminal prosecution by the IRS to the Department of Justice. *United States v. La Salle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). To demonstrate good faith issuance, the IRS must show:

[t]hat the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to that purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed.

*La Salle, supra* at 313, 98 S.Ct. at 2366; *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The Supreme Court noted that issuance of a summons to harass a taxpayer or to pressure settlement of a collateral dispute would constitute an improper purpose. *Id.*

In contesting enforcement, defendants contended that the summonses were defective because issued for an improper purpose and because the IRS already possessed the information sought. The allegation of improper purpose was based upon defendants' contention that the IRS Special Agent who issued the summonses had a firm purpose to recommend criminal prosecution prior to issuance. Defendants also allege that the IRS already possessed the information sought because it had previously audited defendants' financial records.

In contending that the IRS already possessed the information sought, defendants attempted to equate possession of the financial records with prior access to the material. Defendants did not allege that the IRS actually had custody of the records. At the hearing, an agent testified that the IRS did not possess any of defendants' financial records and that the agent who previously audited the financial records probably did not even inspect the relevant material. The Court found, in light of *United States v. Schoeberlein*, 335 F.Supp. 1048, 1059 (D.Md.1971), which held that "[H]aving had access to the material at some time in the past is not the equivalent of having possession of all information therein . . .", that the IRS did not

possess the information it sought to obtain through the summonses. Pursuant to the *Schoeberlein* standard and in view of the evidence and testimony introduced at the hearing, this Court believes that almost no chance exists for this finding to be overturned on review.

Prior to the Supreme Court's decision in *La Salle*, many of the Courts of Appeals, including the Third Circuit, (*see United States v. Lafko*, 520 F.2d 622, 625 (1975)), indicated that issuance of a summons for the sole purpose of gathering criminal evidence for criminal prosecutions constituted an improper purpose. *Id.* In *La Salle*, however, the Court noted IRS tax fraud investigations were comprised of the "normally inseparable goals of examining whether the basis exists for criminal charges and for the assessment of civil penalties." *Id.*, 437 U.S. at 314, 98 S.Ct. at 2366. In recognition of the dual nature of these investigations, the Court indicated that the propriety of the purpose for issuance of a summons could not be determined on the basis of an agent's personal intent. *Id.* at 314, 98 S.Ct. at 2366. Instead, the taxpayer must bear the burden of showing that the IRS, in the institutional sense, has abandoned the pursuit of civil tax determination or collection. *Id.* The Court also acknowledged that since criminal and civil fraud liability are coterminus, the burden of showing that the IRS acted in bad faith by only pursuing criminal liability would be a heavy one. *Id.*

In the instant matter, the summonses clearly satisfy the *La Salle* standards for enforcement. Defendants' allegations and the evidence and testimony introduced at the hearing contain no indication that criminal prosecution had been recommended to the Justice Department or that the IRS had abandoned pursuit of civil liability prior to issuance of the summonses. Defendants have not demonstrated a "substantial" possibility of success on the merits of the appeal with respect to their allegations of improper purpose and their request for a stay must be denied. The government shall submit an order within ten days.