UNITED STATES of America,
Plaintiff-Appellee,

v.

John P. SPOMAR, Defendant-Appellant.

No. 14644.

United States Court of Appeals
Seventh Circuit.

Dec. 30, 1964.

Rehearing Denied Jan. 20, 1965.

See also D.C., 217 F.Supp. 897.

William A. Barnett, Chicago, Ill., for defendant-appellant; Charles R. Purcell, Jr., and Crowley, Barnett & Goschi, Chicago, Ill., of counsel.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, William O. Bittman, Chicago, Ill., for plaintiff-appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

Defendant John P. Spomar is appealing from a judgment of conviction by the district court entered upon a three-count indictment returned November 27, 1962 charging him with "willfully and knowingly attempt[ing] to evade and defeat a large part of the income tax due and owing by him and his wife" for the calendar years 1958, 1959 and 1960, in violation of Title 26 U.S.C.A. § 7201.

Defendant waived trial by jury and trial was to the court. He was found guilty as charged and received a two-year suspended sentence. He was placed on probation for two years, the first sixty days of which were ordered to be served

in a local penal institution. He was fined $5000 and costs on Count I.

The dispositive issue on this appeal is whether defendant's constitutional rights guaranteed by the Fourth and Fifth Amendments to the Federal Constitution were violated by the district court's denial of defendant's motion to suppress evidence, voluntarily supplied to investigating officers by defendant, on the ground that defendant was unaware of his constitutional right to withhold such evidence.

Defendant operated a retail and wholesale cleaning business as a sole proprietorship in Chicago, Illinois. On May 31, 1961, two agents of the Internal Revenue Service entered defendant's shop, identified themselves as agents of the Internal Revenue Service and told defendant they wanted to talk with him about his income tax. They showed defendant his 1958 and 1959 returns and asked to see his records. Defendant voluntarily produced the records and they were examined by the agents from about 10:30 a. m. until 3:30 or 4:00 p. m., with time out for lunch.

The agents did not inform defendant he had a constitutional right to refuse to answer questions and produce records. Defendant does not contend, on appeal, that his consent to examine the records was obtained by misrepresentation, fraud, deceit or misconduct on the part of the agents.

■ Revenue Agents, during the course of an investigation, have no duty to apprise a taxpayer that he need not furnish requested information and that if he does furnish such information it may be used against him in criminal proceedings. E. g., Greene v. United States, 2 Cir., 296 F.2d 841, 842–843 (1961); United States v. Burdick, 3 Cir., 214 F.2d 768, 773–774 (1954), remanded, 348 U.S. 905,

75 S.Ct. 312, 99 L.Ed. 710, affirmed on remand, 221 F.2d 932, cert. denied, 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 742. See United States v. Achilli, 7 Cir., 234 F.2d 797, 805–806 (1956), affirmed, 353 U.S. 373, 77 S.Ct. 995, 1 L.Ed.2d 918. Defendant does not contend the agents had a duty to advise him of his right to refuse to furnish the requested information.

Defendant's argument is that he had no knowledge of his constitutional right to refuse to furnish information and therefore such information, although concededly given voluntarily to Internal Revenue Agents, could not be introduced into evidence in the trial against him. Defendant contends that the mere lack of knowledge of his constitutional rights is enough to vitiate the voluntary surrender of his records.

Defendant cites several cases to support this argument. He states, "The leading case is Johnson v. Zerbst, 304 U.S. 458, in which the court said at p. 465 [58 S.Ct. 1019, 82 L.Ed. 1461]: 'The purpose of the constitutional guaranty of a right to counsel is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights, and the guaranty would be nullified by a determination that an accused's ignorant failure to claim his rights removes the protection of the Constitution.'"

Johnson and other cases cited by defendant are not authority governing the instant case. In those cases, the defendants either had been accused of crime or had not voluntarily consented to the search which produced evidence at a time their constitutional rights were alleged to have been violated by acts or omissions of government agents or officials. In the case at bar, defendant was merely under investigation when the claimed violations occurred.[1]

---

1. E. g. In Johnson v. Zerbst, supra, at 465, 58 S.Ct. at 1023, the Court stated, "The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused." Evans v. United States, 6

"The important relevant inquiry in this case is whether appellant [taxpayer] freely gave his consent to have his records examined with the knowledge that his returns were being investigated." United States v. Wheeler, 3 Cir., 275 F.2d 94, 97 (1960), cert. denied, 363 U.S. 828, 80 S.Ct. 1597, 4 L.Ed.2d 1523.

 In sum, we find in this case the Revenue Agents made known to defendant they were investigating his income tax returns and asked to see his records. With this knowledge, defendant voluntarily produced his records for examination by the agents. There was no misrepresentation, fraud, deceit or misconduct on the part of the agents to gain defendant's consent to such examination. At that time, defendant had not been charged with a crime. This examination of defendant's records subsequently formed the basis of the present criminal charges against him.

Under these circumstances, even though defendant may not have been aware of his constitutional rights above referred to, we hold that his subjective lack of knowledge of such rights did not serve to vitiate the voluntary surrender of his records and did not thereby result in a violation of his right to remain silent and to withhold his private records. The trial court did not err in admitting in evidence the documents and information sought to be suppressed. See Grant v. United States, 2 Cir., 291 F.2d 227 (1961).

To hold otherwise would bind the Government by defendant's subjective state of mind which is not subject of proof. It would also stand for the untenable proposition that one who has no duty to advise a taxpayer of his constitutional rights may nevertheless be held responsible for taxpayer's ignorance of such rights. Defendant concedes that no case has gone this far. We do not believe such

a holding to be within the purview of the Fourth and Fifth Amendments.

 Defendant asserts the district court erred in excluding the testimony of two of defendant's accountants who would have testified that defendant told them nine days after the records were turned over to the agents that he had been unaware of his constitutional rights. This testimony would not have been relevant and there was no error in excluding it.

The judgment appealed from is affirmed.

Affirmed.

Cir., 284 F.2d 393, 94 A.L.R.2d 266 (1960), held it to be error for the trial judge to instruct the jury in the absence of defendant. In Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 276–

277, 141 A.L.R. 1318 (1942) the court stated that even if defendant had knowledge of his rights, the court must advise him of his constitutional rights before accepting a plea of guilty.