**Walter SELINGER, Petitioner,**

v.

**Lester BIGLER, Special Agent of the Internal Revenue Service, and Robert Landesman, Internal Revenue Agent, Defendants.**

**Civ. No. 5792–Phoenix.**

United States District Court
D. Arizona.

April 27, 1966.

David R. Frazer, Shimmel, Hill, Kleindienst & Bishop, Phoenix, Ariz., for petitioner.

William P. Copple, U. S. Atty., Phoenix, Ariz., for defendants.

## OPINION and ORDER

MUECKE, District Judge.

This cause came before this Court by means of a pre-indictment pleading under Federal Rules of Criminal Procedure 41(e). Petitioner and movant, WALTER SELINGER, filed a Motion for Return of Property and to Suppress Evidence, alleging that the defendants—one a Special Agent of the Internal Revenue Service, and the other an Internal Revenue Agent, had illegally photocopied petitioner's books, records, and other memoranda in the course of an income tax investigation of petitioner's business, a sole proprietorship.

Specifically, the petitioner asked the Court for an Order directing that the photocopies made by the defendants be returned and that their use for any proceeding, whether civil, criminal, or administrative, be suppressed. At the

same time, petitioner asked for a temporary restraining order seeking to enjoin defendants from proceeding further with any investigation based on the records alleged to have been illegally photocopied.

A temporary Restraining Order was granted and an Order to Show Cause hearing was set to determine the disposition of petitioner's Motion to Suppress Evidence and For Return of Property. Thereafter, and before the hearing was held on petitioner's Motion, the United States Attorney, acting on behalf of the defendants, moved the Court for an Order dismissing the proceedings, alleging three grounds in support of this Motion:

1. The petitioner's Motion was anticipatory and premature in that no criminal proceeding existed by which Rule 41(e) of the Federal Rules of Criminal Procedure could be invoked.

2. The Court lacked jurisdiction over the subject matter.

3. Petitioner's Motion fails to state a cause of action on which relief could be granted.

The Court took the Government's Motion to Dismiss under advisement and proceeded with the hearing.

At the hearing, the testimony showed that, on the morning of October 20, 1965, the two Revenue Agents came to Mr. Selinger's place of business and asked to see him. Mr. Selinger was not in at that time; however, one of his employees contacted him by telephone and Mr. Selinger talked over the phone to one of the agents, LESTER BIGLER, Special Agent of the Internal Revenue Service. Other than identifying themselves as "government men", Mr. Bigler gave no further indication to Mr. Selinger as to their identity or their reason for wanting to see him. In any case, they arranged to meet at Mr. Selinger's place of business at 12:30 P.M. on that day. Mr. Selinger was in his place of business when the two agents arrived and he took them into his private office, where Mr. Bigler showed Mr. Selinger his identification card, which contained his photograph and indicated that he was a Special Agent

with the United States Treasury Department. Mrs. Renee Selinger, the petitioner's wife, was also present during the entire period and Rudy Boehmer, Mr. Selinger's Office Manager, for a brief period during the interview.

There is substantial disagreement as to what was said by each of the parties at this time. The defendants contend that, while they were talking to Mr. Selinger in his office, they told him who they were and what they wanted, and that he agreed to let them see all of his business records, which, for the most part, were in the possession of Mr. Selinger's accountant, Mr. Sidney Markow. Mr. Selinger denies that he ever gave permission to the agents to see his records.

The two agents went to the office of Mr. Selinger's accountant, Sidney Markow, that afternoon and photocopied all of Selinger's records that were in his possession. The next day, they returned to Mr. Selinger's place of business and photocopied many of the remaining records. It is all of these records, so photocopied, that petitioner claims were illegally obtained and whose use in evidence he seeks to suppress with a return to him of all records photocopied.

The oral testimony consisted of an initial two day hearing, held on December 13 and 14, 1965, and additional hearings which were held on January 7 and 14, 1966. In addition to this, depositions were taken of most of the principal witnesses prior to the hearings, which began in December.

██ After considering all of this testimony, together with the exhibits, the Court is of the opinion that defendants' Motion to Dismiss should be denied, and it is so ordered. Certainly, if the facts, as alleged by the petitioner, were true, namely, that his records were photocopied without his permission, then there should be a remedy. There is respectable authority to support this view. DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); Rodgers v. United States, 158 F.Supp. 670 (U.S.D.C. S.D.Cal.1958); Lord v. Kelley, 223 F.

Supp. 684 (U.S.D.C.Mass.1963); Hinchcliff v. Clarke, 230 F.Supp. 91 (U.S.D.C. N.D.Ohio 1963).

As to the facts themselves, the Court finds: that the petitioner was initially advised by the defendants that one of them was a Special Agent for the Internal Revenue Service; that the other was an Internal Revenue Service Agent; that they wished to see his business records for the purpose of investigating his tax returns; that petitioner was advised by the defendants that he would not have to show them his records and that he would not have to give them any information if he did not so desire. Nevertheless, the Court finds that petitioner agreed that the defendants could examine his business records, which were subsequently photocopied by the defendants, and that petitioner did so voluntarily without any threats or promises of any kind being made to him by the defendants.

The Court further finds that, on the basis of the testimony of the petitioner's accountant, Mr. Markow, he, Mr. Markow, turned over Mr. Selinger's business records to the defendants of his own free will and not under the pressure of any threats or coercion or misrepresentations. It is true, and the Court accepts this testimony as a fact, that Mr. Bigler testified that he told Mr. Markow that Mr. Selinger had given them permission to see the records; but it is also true that, while Mr. Markow denied that this was said to him, nevertheless, Mr. Markow agreed that he voluntarily let the defendants see the business records of Mr. Selinger, which the defendants photocopied.

The Court also finds that the business records photocopied by the defendants at Mr. Selinger's place of business during the morning of October 21, 1965 were also voluntarily made available to the defendants by the petitioner and that when Mr. Rudy Boehmer, the Office Manager for the petitioner, made these records available, he did so with the knowledge that Mr. Selinger had given him the authority to make these records available to the defendants and that in any case, he turned these records over to the defendants voluntarily and not under the pressure of any threats or coercion.

■ Since all of the records photocopied by the defendants were obtained with the consent of petitioner, the Court denies petitioner's Motion to Suppress this evidence and denies the request that this evidence so photocopied be returned to petitioner, and it is so ordered.

The Court concludes that this evidence was not illegally obtained and that none of the petitioner's constitutional rights have been violated.

One other issue was determined by the Court during the course of these hearings.

■ On January 7, 1966, hearing was held on petitioner's request for an Order to Show Cause why the defendants should not be punished for contempt of Court for alleged violations of the temporary Restraining Order previously issued by the Court. So that the record is clear, the Court specifically finds that the Restraining Order of the Court was not violated. The evidence adduced at this hearing, from the various witnesses who testified, shows that the only investigation carried out by the defendants, after the date of the Restraining Order, was based on information not obtained from the business records of Mr. Selinger that were photocopied. The information, in fact, upon which the defendants conducted the investigation after the date of the temporary Restraining Order, was obtained from the income tax returns of petitioner and from a letter received by the Internal Revenue Office from a confidential informant.

The Court also specifically rules that the defendants are not enjoined from proceeding further with their investigation of petitioner or from using the information obtained from the petitioner's business records which they have photocopied.