**Kenneth R. RICKEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20292.**

United States Court of Appeals Ninth Circuit.

March 16, 1966.

Rehearing Denied June 2, 1966.

R. Johnston, Johnston & Platt, Oakland, Cal., Martin Minney, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., James J. Brosnahan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MERRILL, BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM.

Appellant stands convicted of tax fraud. The sole question presented is whether the District Court erred in denying appellant's motion to suppress certain statements made by him to a special agent of the intelligence (fraud) division of the Revenue Service. Appellant contends that when these statements were made proceedings had progressed from the investigatory to the accusatory stage and, since he had not been advised of his right to counsel, the statements were inadmissible against him under Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

This court has recently dealt with the question of when, during the course of a tax investigation, the accusatory stage is reached. Kohatsu v. United States, 351 F.2d 898 (9th Cir. 1965). Appellant seeks to distinguish that case upon the facts. In our judgment it is not distinguishable and controls here.

Affirmed.