**UNITED STATES of America,**
**Plaintiff,**

v.

**W. Aborn SPINNEY, Defendant.**

**Crim. A. No. 65–116.**

United States District Court
D. Massachusetts.

Dec. 20, 1966.

Paul F. Markham, U. S. Atty., John M. Callahan Asst. U. S. Atty., for U. S.

Charles W. Bartlett, Daniel B. Bickford, Boston, Mass., for defendant.

## OPINION

JULIAN, District Judge.

This case came on to be heard on the defendant's Motion to Suppress Evidence. Both the Government and the defendant agreed to submit the motion for the Court's decision on the basis of the memoranda and exhibits filed.

I make the following findings of fact and conclusions of law. The Acting Chief of the Intelligence Division of the Internal Revenue Service (IRS) sent a letter to the defendant dated March 10, 1964, which read as follows:

"Investigation by the Intelligence Division of your personal income tax liability for the years 1958 and 1959 is nearing completion.

"Consideration is being given to a possible recommendation criminal proceedings be instituted against you.

"Before a decision is made, you are invited to appear, with counsel, if you so desire, or with any other person having knowledge of the facts for a formal interview to be held at 10:00 A.M. on March 19, 1964 in Room 947, 55 Tremont Street, Boston, Massachusetts.

"Richard T. Reale, Group Supervisor, will conduct the interview, at which time you may present facts or evidence you wish to have considered.

"You are requested to inform this office promptly whether it is your intention to appear for the proposed interview.

"It is important your reply or any inquiry be addressed to the District Director of Internal Revenue, Attention: Acting Chief, Intelligence Division, Post Office Box 202, Boston, Massachusetts 02101.

"Very truly yours,

"HAROLD L. SMITH
Acting Chief
Intelligence Division"

In response to this letter the defendant appeared at the IRS office in Boston, Massachusetts, on April 1, 1964. The defendant was interviewed, and a transcript of the interview was taken. I shall quote the portions of that interview that are relevant to the present issue:

"1. Mr. Reale: Doctor Spinney, you recently received a letter inviting

you to come here today, if you so choose, for a Formal Interview. Is that right?

Dr. Spinney: Yes.

"2. Q. Doctor Spinney, the purpose of this interview, if there is to be one, is to afford you the opportunity to offer any explanations, or submit any evidence you might choose to submit. You should understand if you do make any statements, or submit any evidence, these statements, must be made under oath, and you should be cognizant of your constitutional guarantee against self-incrimination. Is that perfectly clear to you, Doctor?

A. I think so.

"3. Q. Are you aware of your rights under the Fifth Amendment, that you cannot be compelled to testify against yourself?

A. No, but that doesn't interest me. I don't know why it should. Go ahead. If you should bring up a problem I will let you know. As far as I'm concerned, I am ready to listen and see what happens.

"4. Q. Doctor, the subject matter is your Income Tax Liability for the years 1958 and 1959. Now do you wish to be heard?

A. Do I wish to what?

"5. Q. Do you wish to be heard, or to make an explanation with regard to your 1958 and 1959 Income Tax Returns, and the liability that was shown thereon as you filed them?

A. Yes. Certainly.

"6. Q. Do you want to stand and be sworn? Doctor Spinney, do you solemnly swear that your testimony here today will be the truth, the whole truth and nothing but the truth, so help you God?

A. Yes."

The defendant seeks to suppress as evidence the statements of the defendant which followed this portion of the interview, and any records obtained by the Government as fruits thereof. The defendant contends that in the circumstances of this interview, the IRS agents were required to inform the defendant of his constitutional right of consultation with a lawyer and privilege against self-incrimination. The defendant relies upon the Supreme Court decisions in Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 and Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

I find that the rules for the conduct of an interrogation specified in the *Escobedo* and *Miranda* decisions are not applicable to the facts of this case. Both decisions explicitly deal with in-custody interrogation. In the *Escobedo* case, the Court held that a statement elicited by the police during interrogation shall not be admitted in a criminal trial against the person interrogated when

"* * * the investigation is no longer a general inquiry into an unresolved crime but has begun to focus on a particular suspect, *the suspect has been taken into police custody,* the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer and the police have not effectively warned him of his absolute constitutional right to remain silent." (Emphasis added.) Supra, 378 U.S. at 490–491, 84 S.Ct. at 1765.

Similarly, the Court in *Miranda* stated that, "More specifically, we deal with the admissibility of statements obtained from an individual who is subjected to custodial police interrogation." The Court defines "custodial interrogation" to mean

"questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom in any significant way."

I find that in the present case the defendant was neither in custody nor de-

prived of his freedom in any significant way at the time of the interview. The defendant came to the interview. in response to a letter which "invited" him to appear. The fact that he was free to decline the "invitation" is indicated by the statement in the letter, "You are requested to inform this office promptly whether it is your intention to appear for the proposed interview." After the defendant had appeared at the office of the Intelligence Division of the IRS, he was again reminded that the choice was his as to whether or not there would be an interview.* This situation has none of the characteristics of a custodial interrogation, and therefore the requirements enumerated in the *Miranda* and *Escobedo* cases are not applicable.

Accordingly, the defendant's Motion to Suppress Evidence is denied.

* See the portion of the transcript of the interview quoted supra.