Milton L. **STERN**

v.

Thomas L. **ROBINSON** and United States of America.

Civ. No. C–66–357.

United States District Court
W. D. Tennessee, W. D.

Dec. 28, 1966.

Carl H. Langschmidt, Jr., and Donald W. Pemberton, of Boone, Boone, Langschmidt & Pemberton, Memphis, Tenn., for plaintiff.

Thomas L. Robinson, U. S. Atty., and Henry L. Klein, Asst. U. S. Atty., Memphis, Tenn., for defendants.

## MEMORANDUM DECISION

BAILEY BROWN, Chief Judge.

Plaintiff filed a civil action against the United States Attorney of this District in which he contended in substance that representatives of the Internal Revenue Service had obtained evidence from him to support an income tax fraud charge, that in obtaining this evidence plaintiff's federal constitutional rights had been violated, and that the defendant United States Attorney was about to present this evidence to the grand jury to secure an indictment. Plaintiff alleged that these representatives, during a fraud investigation, had examined his business records and had questioned him without advising him that a fraud investigation was in progress and without advising him of his right to counsel and his right to withhold information and his records. Plaintiff sought a preliminary and permanent injunction prohibiting the presentation of this evidence to the grand jury. This court then set the cause for hearing on the application for a preliminary injunction. Prior to the date of the hearing, plaintiff filed motions and applied to the court for an order requiring the production of certain documents and for an order allowing the taking of the depositions of the representatives of the Internal Revenue Service. The court denied these motions, indicating that if, at the hearing, plaintiff's testimony fairly supported his claim for a temporary injunction, the court would then require the production of the documents and would further require the defendant to present the Internal Revenue Service representatives for examination at the hearing. The defendant then filed a motion to dismiss, contending that the court did not have jurisdiction and that the complaint did not state a claim for relief. When the application for a temporary injunction came on for a hearing, the court, with agreement of the parties, first heard argument on the motion to dismiss, which was granted, and therefore the injunction hearing was not held. While we stated in open court our grounds for granting the motion to dismiss, we are filing this memorandum decision to spell out more clearly our reasons for so doing.

■ It seems clear that this court has jurisdiction in equity to entertain this application for pre-indictment relief. Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918); Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374 (1931); Austin v. United States, 297 F.2d 356 (4th Cir. 1961). However, pre-indictment relief is extraordinary relief. Centracchio v. Garrity, 198 F.2d 382 (1st Cir. 1952).

It should be noted at the outset that plaintiff did not allege that the representatives of the Service fraudulently or by other affirmative misconduct misled him as to the nature of the investigation, such as in United States v. Lipshitz, 132 F.Supp. 519 (D.C.E.D.N.Y.1955) and Matter of Bodkin, 165 F.Supp. 25 (D.C. E.D.N.Y.1958), the holding in the first of which cases appears to extend to the outer limits of constitutional protection in that area. Nor does the complaint allege a promise of immunity, as is dealt with in Shotwell Mfg. Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L. Ed.2d 357 (1963). Nor does the complaint allege that the statements made by plaintiff were not otherwise free and voluntary; nor does it allege that the records were not otherwise freely and voluntarily made available. (The complaint does allege that the agents at one point told plaintiff that his records could be obtained by subpoena if they were not voluntarily produced, but, as will be seen, this was a correct statement of the law and therefore was the simple truth.) The complaint does not even specifically allege that any of the statements made by plaintiff were made after the fraud investigation had begun, and the inference is that it had not begun because it is alleged that the special agent of the Intelligence Division did not take part until later. On argument, plaintiff's counsel did not stress this word-of-mouth information, indicating that little, if any, was obtained. In any event, we assume for purposes of this decision that the fraud investigation had begun and that incriminating information was obtained by the alleged questioning.

■ Since there is no allegation that the information obtained by questioning and the information obtained from plaintiff's records was not freely and voluntarily given or .that it was obtained by fraud or promise of immunity, counsel for plaintiff, on argument, appropriately recognized that, to resist successfully this motion to dismiss, it was necessary to convince the Court that the Fifth Amendment and Sixth Amendment requirements established by Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. State of Ariz., 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) should be and are applicable here. This argument we cannot accept. It is not alleged that plaintiff's person was, or even approached being, in custody. These cases are limited to substantially "in custody" interrogation. Hoffa v. United States, 87 S.Ct. 408 (1966) and Kohatsu v. United States, 351 F.2d 898 (9th Cir. 1965), cert. denied 384 U.S. 1011, 86 S.Ct. 1915, 16 L.Ed.2d 1017 (1966). We therefore conclude that the complaint does not state a claim for relief either as to the word-of-mouth information or as to the records.

■ With respect to the records of plaintiff, there is an additional reason why plaintiff is not entitled to relief, and this is that the records, as will be seen, had no Fifth Amendment protection. The complaint does not specifically allege whether plaintiff's records referred to therein were records required to be kept and to be produced by the income tax laws (26 U.S.C.A. §§ 6001, 7203, 7602). On argument, however, plaintiff's counsel conceded that they were required to be kept and squarely took the position that, even so, such records are protected by the Fifth Amendment. This question has not yet been specifically decided by the Supreme Court with respect to income tax records. However, the Court's decision in Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948) held that records required to be

kept by the price control legislation had no such protection. In Beard v. United States, 222 F.2d 84 (4th Cir. 1955), the Court indicated, without so deciding, that the *Shapiro* case is authority for the proposition that income tax records have no such protection. The case of United States v. Clancy, 276 F.2d 617 (7th Cir. 1960) held that records required to be kept by the wagering tax were not so protected. Moreover, there are cases in the lower courts holding specifically that income tax records required to be kept do not have Fifth Amendment protection: United States v. Bouschor, 200 F. Supp. 541 (D.C.Minn.1961) and Falsone v. United States, 205 F.2d 734 (5th Cir. 1953). We therefore conclude, as stated, that these records of taxpayer had no such protection.

It results that the complaint will be dismissed and counsel will prepare an order for entry.