**UNITED STATES of America,
Plaintiff,**

v.

**David RABIN, Defendant.**

**No. 66 CR. 606.**

United States District Court
S. D. New York.

May 23, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Daniel R. Murdock, Asst. U. S. Atty., of counsel, for plaintiff.

I. Ben Greenman, New York City, for defendant.

MEMORANDUM

TENNEY, District Judge.

The indictment filed herein on August 1, 1966 names defendant in six counts, the first three of which charge in sub-

stance that the defendant filed Federal income tax returns for the calendar years 1960–1961–1962, which returns the defendant "does not believe to be true and correct as to every material matter", in violation of Title 26, U.S.C. § 7206(1). Each of these three counts particularizes the entries on the returns which the Government contends the defendant did not believe to be true and correct.

Count 4 charges that on May 14, 1962, in connection with the audit examination of his 1961 income tax return the defendant falsely represented that "during the calendar year 1961 he had not been reimbursed by his employer for entertainment expenses", and Count 6 charges a similar offense on October 29, 1963 with respect to his 1962 income tax return.

Count 5 charges that on October 29, 1963, and in connection with the audit examination of his 1962 income tax return, the defendant unlawfully submitted 12 cancelled checks which he knew to contain false, fictitious and fraudulent statements and entries in that the amounts on the checks had been altered and raised after the checks had cleared through his bank account. The checks are described in the indictment by the check number, payee, and original amount and altered amount. Each of Counts 4, 5 and 6 charges violation of Title 18, U.S.C. § 1001.

The defendant has pleaded not guilty to the indictment and moves herein for a bill of particulars, the suppression of certain evidence, and dismissal of the indictment.

█ With respect to the bill of particulars, it should be noted that the indictment itself is sufficiently detailed to permit the defendant to understand the charges, to protect himself against double jeopardy, and to avoid surprise. The request directed to the first three counts concerns entries made on income tax returns personally prepared and filed by the defendant and with which he is presumably familiar. Furthermore, a reading of defendant's demands makes clear that he mistakes the purpose of a bill of particulars and seeks either the disclosure of the theory of the Government's case or discovery of its evidence, rather than a more detailed explanation of the charges. In addition, subsequent to the motion for the bill of particulars, the defendant on his motion to suppress has had the benefit of a full hearing relating to many of the matters he wishes particularized, and it is also evident from his affidavit in support of his motion to suppress and to dismiss the indictment that he is fully familiar with the matters covered by the last three counts.

The Government has agreed to state that the alleged false statements in the 4th and 6th counts were oral. With respect to the submission of the falsified checks which is the subject of Count 5, this has received full disclosure in connection with the hearing on the motion to suppress. Accordingly, the demand for a bill of particulars, except as consented to by the Government or as subsequently withdrawn by the defendant is in all respects denied.

With respect to defendant's motion to suppress, the defendant has moved pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure to suppress as evidence certain enumerated documents in the Government's possession on the grounds that they were unlawfully seized and, in addition, to suppress any and all admissions made by defendant during the course of the investigation by the Internal Revenue Service which ultimately resulted in his indictment.[1]

---

1. Defendant seeks suppression of three categories of admissions:

(1) Those admissions (if any) made by him to Douglas Powell and Thomas Cox, special agents, pertaining to the 12 allegedly altered checks mentioned in Count 5 of the indictment.

(2) Any admissions made to special agent Powell concerning alleged alteration of medical checks received by said agent from defendant.

(3) Any admissions made by defendant to Powell with respect to the medical deductions and charitable contribu-

On the afternoon of October 29, 1963, the defendant appeared at the Manhattan District Office of the Internal Revenue Service for an audit examination of his 1962 Federal income tax return pursuant to a letter from that Service advising him that his claimed deductions for medical expenses, contributions and business expenses were being questioned. Since the defendant was already familiar with audit procedures he brought with him a number of cancelled checks, receipts and a diary to substantiate these deductions he had claimed in his 1962 report. In the course of the audit examination on that date, the tax technician expressed the belief that some of the checks defendant submitted in connection with medical and charitable deductions appeared to have been altered. In spite of this the tax technician either returned or the defendant recovered the checks relative to these particular deductions.[2] The tax technician, however, since the hour was late, requested the defendant to leave the checks and diary relating to business expenses in order that she could complete the audit with the assurance that these items would be returned to the defendant when the audit had been completed. The tax technician also advised the defendant she could not accept the checks submitted in connection with medical and charitable deductions as satisfactory proof—that he would have to submit other substantiating material.

Following this audit examination, the tax technician, some time in November 1963, filed a report indicating possible fraud, and on January 14, 1964 the case was assigned to a special agent of the Intelligence Division of the Internal Revenue Service for investigation.

On February 5, 1964, a conference was held with the defendant, at which time the defendant was informed by the special agent that he was entitled to have an attorney with him, that he did not have to answer any question if he felt his answers might incriminate him, and that any answers he might give could be used in any proceeding against him. Thereafter, defendant made various statements in response to questions and supplied the special agent with various documents which are presently the subject of the motion to suppress.

It is defendant's contention that he was tricked into leaving the cancelled checks and diary relating to business expenses in order that the tax technician might obtain evidence of fraud on his part even though she had returned to him the checks relating to medical and charitable deductions which she told him appeared to have been altered. It is further contended that the special agent failed to disclose that he was then conducting an investigation of possible criminal violations and that he specifically assured the defendant that he would only be subject to the civil fraud penalty if he cooperated in the investigation. Both the tax technician and the special agent denied that any fraud, misrepresentation or overdealing was practiced and it is significant that as late as April 23, 1965, when defendant was aware that prosecution would be recommended, no claims similar to those advanced herein were made by him.

██ I attach little weight, if any, to defendant's testimony in this respect and

tions claimed by the defendant as enumerated in the first three counts of the indictment.

Since *no proof was developed at the* hearing that the defendant made any admissions falling within categories (2) and (3), there is, of course, no question as to them presently before this Court.

2. Defendant testified that the checks relating to the medical and charitable deductions were lost on his trip home im-

mediately after they had been recovered by him from the tax technician. Thereafter, however, five of the checks allegedly lost were submitted to special agent Powell. These five checks do not appear altered. No explanation has been given for the subsequent appearance of the supposedly genuine checks and the continued absence of the remainder of the checks in that group.

I find that the documents sought to be suppressed were turned over voluntarily by the defendant, and that the statements sought to be suppressed were equally voluntary, and in no case the result of any promise or deception on the part of any agent of the Internal Revenue Service.

Accordingly, defendant's motion to suppress is in all respects denied. Kohatsu v. United States, 351 F.2d 898 (9th Cir. 1965), cert. denied, 384 U.S. 1011, 86 S.Ct. 1915, 16 L.Ed.2d 1017 (1966); United States v. Spomar, 339 F.2d 941 (7th Cir. 1964), cert. denied, 380 U.S. 975, 85 S.Ct. 1336, 4 L.Ed.2d 270 (1965); Greene v. United States, 296 F.2d 841 (2d Cir. 1961), cert. granted and appeal dismissed, 369 U.S. 403, 82 S.Ct. 852, 7 L.Ed.2d 841 (1962) (per curiam); United States v. Sclafani, 265 F.2d 408 (2d Cir.), cert. denied, 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed.2d 1534 (1959); Turner v. United States, 222 F.2d 926 (4th Cir.), cert. denied, 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 742 (1955).

The defendant's motions to dismiss specific counts of the indictment on the grounds that such counts were predicated upon an illegal procurement of documents or statements must fail in view of the Court's finding herein with respect to the procurement of the said documents and statements, and, accordingly, it is not necessary to consider whether, assuming such illegality, a dismissal of these counts would be warranted.

The balance of defendant's contentions with respect to these and the remaining counts are founded on conjecture, are frivolous and do not merit other than summary dismissal. Accordingly, defendant's motion for a bill of particulars is denied except as otherwise noted herein, and his motions to suppress and for dismissal of the indictment and of specific counts thereof are in all respects denied.

So ordered.