**UNITED STATES of America,**
**Plaintiff,**
**v.**
**Morton B. BASIL, Defendant.**
**Cr. No. 67–24.**

United States District Court
S. D. Florida.
May 29, 1967.

William A. Meadows, Jr., U. S. Atty., Edward Kaufman and Michael J. Osman, Asst. U. S. Attys., Miami, Fla., for the Government.

Sidney A. Soltz, Miami, Fla., and Joseph Varon, Hollywood, Fla., for defendant.

### OPINION

MEHRTENS, District Judge.

The defendant, Morton B. Basil, was indicted on January 18, 1967. The indictment charged him in nine counts with having wilfully attempted to evade and defeat certain corporate excise taxes for each quarter from January 1, 1961, through March 31, 1963, in violation of Section 7201 of the Internal Revenue Code of 1954. Thereafter, on May 2, 1967, a hearing was held before this Court on the defendant's motion to suppress evidence brought under Rule 41 of the Federal Rules of Criminal Procedure. This motion called for the suppression of certain evidence which was allegedly

obtained from the defendant in violation of the Fourth, Fifth and Sixth Amendments to the United States Constitution.

The questions presented by this motion are:

1. Whether or not the evidence was voluntarily given to the Government agents by the defendant; and

2. Whether or not the defendant should have been advised of his right to counsel.

The first question is purely one of fact, with conflicting testimony having been adduced by each side. It is undisputed that Special Agent William L. Solomon and Revenue Agent James Van Buskirk of the Internal Revenue Service came to see the defendant at his place of business on June 5, 1963, that they identified themselves, and that they told the defendant that they were investigating his excise tax liabilities. It is also undisputed that the defendant gave the agents access to various of his books and records; the conflict concerns the voluntariness of this action.

The defendant testified that Agent Solomon accused him of fraud and threatened to get a warrant if the books were not produced, and that he produced the records through fear of being arrested. He also testified that at one point he unsuccessfully attempted to wrest the books from Agent Solomon's grasp.

Both agents, on the other hand, testified that no threats of any sort were made, that there were no physical struggles over the records, and that their production by the defendant was completely voluntary. This Court, as trier of the facts and the judge of credibility, believes the story told by the agents and disbelieves that told by the defendant.[1] I find that the evidence was given voluntarily to identified investigating agents of the Internal Revenue Service and that this production was not induced by coercion, threats, stealth, trickery or misrepresentation. I hold, therefore, that it was not obtained in violation of the Fourth and Fifth[2] Amendments and its use should not be suppressed. Montgomery v. United States, 203 F.2d 887, 893 (C.A. 5th); United States v. Sclafani, 265 F.2d 408, 414–415 (C.A. 2d), certiorari denied 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed.2d 1534; Kohatsu v. United States, 351 F.2d 898, 902 (C.A. 9th), certiorari denied, 384 U.S. 1011, 86 S.Ct. 1915, 16 L.Ed.2d 1017; Greene v. United States, 296 F.2d 841, 842–843 (C.A. 2d), vacated and remanded on other grounds, 369 U.S. 403, 82 S.Ct. 852, 7 L.Ed.2d 841; United States v. Burdick, 214 F.2d 768, 773–774 (C.A. 3rd), vacated and remanded, 348 U.S. 905, 75 S.Ct. 312, 99 L.Ed. 710, affirmed on remand, 3 Cir., 221 F.2d 932; Turner v. United States, 222 F.2d 926, 930–932 (C.A. 4th), certiorari denied, 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 742; United States v. Spomar, 339 F.2d 941 (C.A. 7th), certiorari denied, 380 U.S. 975, 85 S.Ct. 1336, 14 L.Ed.2d 270.[3]

1. The defendant's wife and a long-time friend offered testimony which corroborated a few tangential aspects of the defendant's story, and was at variance with some minor aspects of the agents' testimony. I have given this testimony such weight as I think it deserves in making this finding.

2. These were corporate records and so the Fifth Amendment would not have applied in any event. Wilson v. United States, 221 U.S. 361, 384–386, 31 S.Ct. 538, 55 L.Ed. 771; Grant v. United States, 227 U.S. 74, 79–80, 33 S.Ct. 190, 57 L.Ed. 423; Hair Industry, Ltd. v. United States, 2 Cir., 340 F.2d 510, 511, certiorari denied, 381 U.S. 950, 85 S.Ct. 1804, 14 L.Ed.2d 724; United States v. Christiansen, 3 Cir., 356 F.2d 986 certiorari denied, 384 U.S. 962, 86 S.Ct. 1589, 16 L.Ed.2d 674; Wild v. Brewer, 329 F.2d 924 (C.A. 9th), certiorari denied, 379 U.S. 914, 85 S.Ct. 262, 13 L.Ed.2d 185.

3. Although the defendant was not specifically advised of his right to remain silent and that anything he said would be used against him, Agent Solomon told him that it was possible that this investigation could lead to his recommending criminal prosecution.

■ The second question, whether the evidence was acquired in violation of the Sixth Amendment, is a question of law. It is undisputed that the defendant was not advised of his right to an attorney by the agents; the issue is whether such a warning was constitutionally necessary.[4]

In Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, the Supreme Court held that a person must be advised of his constitutional right to counsel when an investigation has reached the accusatorial stage. The Ninth Circuit, in Kohatsu v. United States, supra, held that this rule does not apply to tax investigations because the agents are not seeking to identify the perpetrator of an unsolved crime but are trying to ascertain whether any crime has in fact been committed. Accord, Rickey v. United States, 360 F.2d 32, 33 (C.A. 9th), certiorari denied, 385 U.S. 835, 87 S.Ct. 80, 17 L.Ed.2d 69; Selinger v. Bigler (C.A. 9th), 377 F. 2d 542, decided April 27, 1967. I agree that this is a crucial distinction and hold that the agents had no constitutional duty to advise the defendant of his right to counsel.[5]

In so holding I decline to follow United States v. Kingry (N.D.Fla.), decided January 6, 1967 (19 A.F.T.R.2d 762). The court in Kingry was apparently unaware of the Kohatsu case, supra, and, in any event, its holding is against the overwhelming weight of authority. United States v. Gleason, 265 F.Supp. 880 (S.D.

N.Y.); United States v. Fiore, 258 F. Supp. 435, 440 (W.D.Pa.), United States v. Schlinsky, 261 F.Supp. 265 (D.Mass.), decided December 14, 1966 (19 A.F.T.R. 2d 1094); United States v. Hill, 260 F.Supp. 139 (S.D.Cal.); United States v. Carlson, 260 F.Supp. 423 (E.D.N.Y.); Moon v. Brennan (E.D.Wis.), decided November 21, 1966 (19 A.F.T.R.2d 641); Stern v. Robinson, 262 F.Supp. 13 (W.D. Tenn.); United States v. Bachman, 267 F.Supp. 593 (W.D.Pa.), decided October 4, 1966; United States v. Neves, 269 F. Supp. 158 (S.D.N.Y.), decided April 28, 1967. (67–1 U.S.T.C., par. 9412).

In addition, the Supreme Court has explained that its reference in *Escobedo* to an investigation reaching the accusatorial stage meant custodial interrogation, i. e., the questioning of a person in custody "or otherwise deprived of his freedom of action in any significant way." Miranda v. State of Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694. In the instant case the defendant was questioned in his own office, with his wife and employees present on the premises. He was certainly not deprived of his freedom of action in any significant way, and none of the coercive atmosphere which the Supreme Court decried in the *Escobedo* and *Miranda* cases, supra, existed. See Evans v. United States (C. A. 5th), 377 F.2d 535, decided May 19, 1967; see also Mathis v. United States, 376 F.2d 595 (C.A. 5th), decided April 28, 1967. (67–1 U.S.T.C., par. 9408).

For these reasons the motion to suppress is hereby denied.

---

4. There was a small controversy over whether Agent Solomon threatened the defendant and frightened him from seeking the aid of his accountant. As I have stated above, I accept the agents' story and find that the defendant was not so threatened. Furthermore, the Sixth Amendment applies to attorneys, not accountants.

5. Moreover, as the First Circuit recently pointed out in Morgan v. United States

(C.A. 1st), 377 F.2d 507, decided May 16, 1967, to hold otherwise would also place the burden on the Internal Revenue Service of having to supply counsel every time it wanted to question a taxpayer who was financially unable to hire one. Such a requirement "goes far beyond any principle of fundamental fairness" and would certainly put a severe strain on our self-assessment taxing system.