Walter SELINGER, Appellant,

v.

Lester BIGLER, Special Agent of the
Internal Revenue Service et
al., Appellees.

No. 21116.

United States Court of Appeals
Ninth Circuit.

April 27, 1967.

Rehearing Denied May 31, 1967.

David R. Frazer, John C. King, Shimmel, Hill, Kleindienst & Bishop, Phoenix, Ariz., for appellant.

Richard C. Gormley, U. S. Atty., Phoenix, Ariz., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Burton Berkley, Attys., Tax Division, Department of Justice, Washington, D. C., for appellees.

Before JERTBERG and MERRILL, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM:

Selinger appeals from the denial of his motion to return copies of his records and suppress their use as evidence made pursuant to F.R.Cr.P. 41(e).[1] The copies were made by agents of the Internal Revenue Service in the course of an investigation under circumstances which, appellant asserts, amounted to an unlawful search and seizure. The District Court denied relief upon the ground that appellant had given consent to the examination of his records.

Appellant contends that his constitutional right to counsel was violated under Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), in that the investigation had reached the accusatory stage (a Special Agent having participated in the investigation), and he was not advised of his rights. This court has ruled against appellant's contention in Kohatsu v. United States, 351 F.2d 898 (9th Cir. 1965), cert. denied, 384 U.S. 1011, 86 S.Ct. 1915, 16 L.Ed.2d 1017 (1966). Appellant seeks to distinguish that case. We find no basis

1. See Hoffritz v. United States, 240 F.2d 109 (9th Cir. 1956); Rodgers v. United States, 158 F.Supp. 670 (S.D.Cal.1958). This is an appealable final order under 28 U.S.C. § 1291 (1964) per Goodman v. United States, 369 F.2d 166 (9th Cir. 1966).

for distinction and regard the decision as controlling here.

■ Appellant challenges the court's finding of a voluntary consent. In our judgment the finding was not clearly erroneous.

■ Appellant contends that the court's finding of consent was not sufficient to support a conclusion that constitutional rights had not been violated. In our judgment the finding was sufficient.

Affirmed.