**UNITED STATES of America**

v.

**Dr. Joseph C. WHITE.**

**Crim. No. 23224.**

United States District Court
E. D. Pennsylvania.

Aug. 13, 1968.

Robert S. Blank, Asst. U. S. Atty., Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for plaintiff.

Raymond J. Bradley, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

WEINER, District Judge.

The indictments returned against this defendant charge him with wilfully and knowingly failing to file income tax returns for the calendar years 1961, 1962 and 1964, and with wilfully and knowingly failing to file a timely income tax return for the calendar year 1964.

We have before us for disposition the defendant's motion to dismiss the indictment, or, in the alternative to suppress evidence. Petitioner further requests that a hearing be ordered to present evidence in support of his motion. His motions are predicated upon the alleged failure of the internal revenue agents to warn him that he had a right to remain silent, that anything he said or any records or information he furnished would be used against him and that he had a right to be represented by counsel.

His petition also alleges that on numerous occasions he was questioned by various agents and furnished them with certain information, both oral and written, which opened other sources of information concerning financial transactions he had with patients that he treated and companies with whom he transacted business. The government flatly denies defendants' allegations and to the contrary states that all constitutional warnings were given to the defendant prior to questioning or receipt of any of his records. However, for the purpose of determining if there was a violation of the defendant's constitutional rights we shall accept his contentions and thus focus our attention on the singular problem of the legal necesesity of formally advising a taxpayer of his constitutional rights in a non-custodial tax investigation situation.

The defendant contends that his motion is supported by the decisions in *Escobedo v. State of Illinois*, 378 U.S. 476, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964)

and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), together with an observation made by Justice Douglas in his dissenting opinion in Thomas v. United States, 386 U.S. 975, 87 S.Ct. 1164, 18 L.Ed.2d 133 (1967) the relevant portion thereof stating

"It concerns the apparent practice of Internal Revenue agents in examining taxpayers and using the evidence obtained in criminal prosecutions when the taxpayers are given no warning as to their rights, including the right to have an attorney present. This is not an in-custody case, but it is a coercive examination of a taxpayer at a critical preliminary hearing, so to speak, and the question presented apparently is a recurring one."

In commenting upon the Escobedo-Miranda issue, and the question of the extension of the "custodial, interrogation" language, p. 444 of 384 U.S., 86 S.Ct. 1602, to non-custodial internal revenue service conferences, the Court of Appeals for the 8th Circuit, in Frohmann v. United States, 380 F.2d 832 (8th Cir. 1967), stated at pages 835 and 836:

"Whenever the question has been presented to a court of appeals, the court has refused to extend the Escobedo and Miranda requirement for the rendition of advice as to the right to counsel to the situation of a precustody internal revenue service inquiry. Morgan v. United States, 377 F.2d 507 (1 Cir. 1967); Schlinsky v. United States, 379 F.2d 735 (1 Cir. 1967); Mathis v. United States, 376 F.2d 595 (5 Cir. 1967); United States v. Maius, 378 F.2d 716 (6 Cir. 1967); Kohatsu v. United States, 351 F.2d 898 (9 Cir. 1965), cert. den. 384 U.S. 1011, 86 S.Ct. 1915, 16 L.Ed.2d 1017; Rickey v. United States, 360 F.2d 32 (9 Cir. 1966), cert. den. 385 U.S. 835, 87 S.Ct. 80, 17 L.Ed.2d 69; Selinger v. Bigler, 377 F.2d 542 (9 Cir. 1967), cert. applied for June 30, 1967 [389 U.S. 904, 88 S.Ct. 212, 19 L.Ed.2d 218]. See United States v. Spomar, 339 F.2d 941 (7 Cir. 1964), cert. den. 380 U.S. 975, 85 S.Ct. 1336, 14 L.Ed.2d 270. The great majority of unappealed district court cases in which the question has arisen are to the same effect. Bohrod v. United States, 248 F.Supp. 559, 564–566 (W.D.Wis.1965); Smith v. United States, 250 F.Supp. 803 (D.N.J.1966); United States v. Fiore, 258 F.Supp. 435 (W.D.Pa.1966); United States v. Hill, 260 F.Supp. 139 (S.D.Cal.1966); United States v. Carlson, 260 F.Supp. 423 (E.D.N.Y.1966); United States v. Spinney, 264 F.Supp. 774 (D.Mass. 1966); Stern v. Robinson, 262 F.Supp. 13 (W.D.Tenn.1966); United States v. Gleason, 265 F.Supp. 880, 883 (S.D. N.Y.1967); United States v. Neves, 269 F.Supp. 158 (S.D.N.Y.1967); United States v. Rabin, 271 F.Supp. 190 (S.D.N.Y.1967).

"To the contrary, seemingly, are only United States v. Turzynski, 268 F.Supp. 847 (N.D.Ill.1967); United States v. Kingry, 67–1 USTC par. 9262, 19 AFTR 2d 762 (N.D.Fla.1967); and United States v. Schoenburg, 67–1 USTC par. 9393 (D.Ariz.1965). See United States v. Harrison, 265 F. Supp. 660 (S.D.N.Y.1967). But Mr. Justice Douglas dissented from the denial of certiorari in Thomas v. United States, 386 U.S. 975, 87 S.Ct. 1164, 18 L.Ed.2d 133 (1967), with the observation that, 'This is not an in-custody case, but it is a coercive examination of a taxpayer at a critical preliminary hearing, so to speak, and the question presented apparently is a recurring one'.

"All these cited cases have been decided since Escobedo and many of them since Miranda. Their facts, of course, vary. *It is clear, however, in a number of them, that the internal revenue service review had reached the stage where a special or intelligence agent was in the case and was present at the conference.*" (Emphasis supplied).

Like the Court of Appeals for the 8th Circuit, we feel that the massive weight of authority cited in its opinion adverse

694

to the contentions of the defendant "comprise an impressive list and we would be loathe to oppose them". Frohmann, supra, p. 836. See United States v. Jaskiewicz, 278 F.Supp. 525 (E.D. Pa.1968).

Under the present state of the law we are of the opinion that in a precustody internal service inquiry there is no requirement to provide constitutional warnings to the subject under investigation. For the above reason the motion to suppress evidence and the necessity for a hearing fall.

### ORDER

The defendant's motion to dismiss the indictment, or, in the alternative to suppress evidence and his request for a hearing are denied.

It is so ordered.